ARTEMAS GARFIELD *vs.* AZARIAS WILLIAMS.

ESSEX.
*March,*
1828.

A, claiming to be the owner of land, but having no legal title thereto, executed a deed of conveyance of it to B, thereby covenanting *he was seized of an indefeasible estate in fee simple.* B entered and took possession, and he and his assignee held and occupied the same undisturbed for more than fifteen years. In an action of covenant brought by B against A, alleging a breach of the covenant of seizin, it was held that A was liable to nominal damages only.

If a covenant of seizin be not true, there is a breach of it as soon as the deed is executed, and it becomes a *chose in action* which is not assignable.

This was an action of *covenant,*founded on a deed dated July 4th, 1807, by which the defendant conveyed to the plaintiff certain lands in *Concord,* and covenanted, amongst other things, that he was seized of an indefeasible estate in fee simple. At the county court a verdict was taken for the plaintiff by agreement of parties, and the cause was removed to this court on a case stated and agreed to by them. It appears by the case, that before the date of the deed, to wit, in May, 1806, the defendant claimed title to the land, and the plaintiff, supposing defendant to be the real owner, applied to him to purchase it ; and it was agreed that the plaintiff should give defendant three hundred dollars for the land, and that, on the payment of one third part of the purchase money, defendant should execute to the plaintiff a warranty deed, with the usual covenants ; and, in the mean time, that plaintiff should enter upon, and take possession of, the land under said agreement, which he immediately did—that up to the time of plaintiff's taking possession, the land was in a state of nature, with no improvements thereon—that defendant, having received the third part of the purchase money, on the 4th day of July, 1807, executed to the plaintiff the deed in question, and at the same time plaintiff executed to defendant a mortgage deed of the same premises to secure the payment of the remaining two hundred dollars— that at the time of said bargain defendant had no paper title to the premises, nor had he acquired any before the commencement of this action—that afterwards, and before the bringing of this action, plaintiff paid to the defendant the whole amount of the consideration money and interest thereon—that plaintiff continued to occupy the land undisturbed, till the 25th day of June, 1811, when he executed to *Jesse Woodbury* a quit claim deed of the same, under which the said *Woodbury* took possession of said premises, and continued ever since to occupy the same ; which is more than fifteen years before the commencement of this action.

After argument, the opinion of the Court was pronounced by PRENTISS, J. Notwithstanding the recent decision in *Kingdon* vs. *Nottle,* 4 *Maule* & *Selw.* 53, a covenant of seizin is a per-

Essex,
March,
1828.
———
Garfield
vs.
Williams.

sonal covenant which does not run with the land, or pass to the assignee, like the covenant of warranty. If the covenant of seizin is not true, there is a breach of it, entire and complete, as soon as the deed is executed, and it becomes a *chose in action,* which is not assignable. This is the doctrine of the common law; and the decision in the case referred to, which recognizes the right of the assignee to sue upon the covenant of seizin, stands opposed not only to all the cases in this country on the subject, but to the general current of English authorities. If, therefore, there was a breach of the covenant upon which this action is brought, it accrued, and was perfect, the instant the deed was executed, and the right of action upon the covenant was vested in the plaintiff, and did not pass to his assignee.

Whether there was a breach of the covenant or not, depends upon the question whether or not the defendant had such an estate in the lands as he covenanted that he was seized of. The covenant is, that he was seized of an *indefeasible estate in fee simple.* In the case agreed upon by the parties, it is admitted, that he had no such estate, or, indeed, any valid title whatever to the lands. It is stated, however, that he claimed to own the lands, and put the plaintiff into possession of them under him, under an agreement for the purchase of them, who held possession under the agreement until the defendant executed the deed to him. This, it is insisted, is sufficient evidence of a seizin in fact by the defendant, and enough to satisfy the covenant declared upon. It is true, that in the case of *Marston* vs. *Hobbs,* 2 *Mass.* 433, which was much pressed upon the Court in the argument, it is held, that in an action upon a covenant that the grantor is seized in fee, it is not necessary to shew a seizin under an indefeasible title, but a seizin in fact is sufficient; and if the grantor, at the time he executes the deed, has the possession of the premises, claiming the same in fee simple, adverse to the owner, he is seized in fee and has a right to convey. But it is to be observed, that in the case cited, a distinction is taken between a covenant that the grantor is " lawfully seized in fee," and a covenant that he is seized of an indefeasible estate in fee simple ;" and this distinction between the two covenants is noticed and recognized in the case of *Abbott* vs. *Allen,* 14 *Johns.Rep.* 248. Admitting the doctrine in the case relied upon, and that the defendant, on the facts stated, may be considered as seized in fact at the time he executed the deed, yet he was not seized of an indefeasible title according to his covenant, and, consequently, there was a breach of the covenant, and a right of action vested in the plaintiff on which he is entitled to recover. The only remaining question, then, is, as to

Essex,
March,
1828.

Garfield
vs.
Williams.

the rule of damages which ought to govern the case. In *Prescott* vs. *Trueman*, 4 *Mass*. 627, it is laid down by *Parsons*, C. J. that in an action on a covenant that the grantor has good right to convey an indefeasible title in fee, the plaintiff can recover nominal damages only, unless the estate conveyed has been defeated, or the right to defeat it has been extinguished. In an action on the covenant of seisin, however, the general rule is where there was entire want of seisin in the grantor, and no title passed to the grantee, to allow, as damages, the consideration paid for the land and the interest upon it. In the present case, the estate which the deed purported to convey has not been defeated, nor has the plaintiff suffered any actual damage by being obliged to purchase in or extinguish the title of the owner. On the contrary, the plaintiff and his assignee have possessed the lands without disturbance, under the conveyance from the defendant, until, by length of time, an indefeasible title, as the presumption is, has been acquired under the statute of limitations. On these facts the plaintiff, in any view of the case, though there was a breach of the covenant, and a legal cause of action accrued to him, is entitled to recover nominal damages only.

Judgment of the county court reversed, and judgment for the plaintiff for nominal damages.

*Davis*, for plaintiff.
*Fletcher*, for defendant.