JACKSON, ex dem. L. Thurman, *vs.* BRADFORD.

Where the *heir*, previous to the death of his ancestor, conveys by deed all his interest in the estate of his ancestor, and there is a judgment against the heir previous to the conveyance, on which, after the *descent* of the property, a sale is had, the purchaser at such sale, and not the grantee under the conveyance, takes the land.

Although a *covenant of warranty* would bar by way of *estoppel* the heir and his issue from setting up title to the estate, such estoppel does not affect the purchaser under a judgment entered previous to the conveyance creating the estoppel.

THIS was an action of ejectment, tried at the New-York circuit in September, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

A verdict was taken for the plaintiff, subject to the opinion of this court on the following facts, and if the court should be of opinion that the plaintiff was not entitled to recover, then judgment of nonsuit to be entered.

The property claimed consisted of two lots in the city of New-York, an equal undivided fourth part of which came to William M. Price by *descent*, on the decease of his father on 21st May, 1821; previous to which time, to wit, on 4th December, 1818, a judgment was entered against Price in this court, which was revived in 1825, an execution issued, and the premises in question sold at sheriff's sale and purchased by the lessor of the plaintiff, to whom a sheriff's deed was duly executed, under which title the plaintiff claimed to recover.

On the part of the defendant was produced a deed bearing date 7th August, 1820, executed by William M. Price to

the defendant, conveying the premises in question. The consideration of the deed was $2,500. By it Price "bargained, sold, remised, released and forever quit-claimed and confirmed" unto the defendant all the estate, right, title, interest, challenge, claim and demand whatsoever, both in law and equity of him the said Price, of, in, to or out of, all the right, title and interest *devised unto him by his father Michael Price,* of, in and to the premises in question and other lots in the deed particularly mentioned ; and also all the right, title and interest of, in and to the premises conveyed, *which should or might devolve upon or accrue to him at the death of his father.* After the *habendum,* followed this clause : " So that neither the said party of the first part, his heirs, executors or administrators shall not nor will at any time hereafter have, claim, challenge or demand any estate, right, title or interest either in law or equity of, in, to or out of the said premises above mentioned and described, or any part or parts, or parcel or parcels thereof by any ways or means whatsoever, but of and from all such estates, right, title, interest, and all other demands whatsoever of, in, to or out of the said premises above mentioned and described, and every part and parcel thereof with the appurtenances shall and will forever hereafter be barred and utterly excluded by these presents." The defendant also produced in evidence an instrument in writing bearing date 8th May, 1821, executed by William M. Price, whereby, after reciting the above conveyance to the defendant, Price, in consideration of the sum before received and of the further sum of two dollars paid to him by the defendant, " bargained, sold, assigned, transferred and set over unto the defendant all the right, title and interest which he then had or which he might have at the death of his father in and to the premises in question, and the more effectually to secure the same to the defendant, he constituted and appointed him his attorney to ask, demand, sue for and recover the same.

*S. A. Foot,* for the plaintiff. A bare right or possibility cannot be granted. (4 Cruise, 112, tit. Deed, ch. 6, § 4. Marmaduke Wivel's case, Hob. 45. 3 T. 365. 3 Preston on Abstracts of title, 5, 6, 25, 26,) A conveyance of

such a possibility may create an equity which a court of chancery will enforce, but it is merely · personal and cannot come in collision with third persons.

*J. Bulkley & J. Anthon*, for defendant. The covenant in the deed is equivalent to a covenant of warranty; so also an implied warranty is contained in the subsequent instrument. The term *warrantizo* may be supplied by other words or phrases from which the legal inference may be raised. (Co. Litt. 384, a. 7 Johns. R. 258. 2 Caines, 194. Sheppard's Touch. tit. Warranty.) There being a warranty, the estate passed by the deed, so that neither the grantor nor any other deriving title under him can claim it. It passed circuitously by way of *estoppel*, which attached at the very instant that the title of the heir accrued by the death of the ancestor. The *estoppel* extends to every person claiming under him, whether by descent or purchase. (Co. Litt. 352, a. 446, 265, a. 11 Johns. R. 97.) The deed to the defendant conveyed, by way of estoppel, the subsequently acquired title of the grantor, and that at a time when, for the want of actual or legal seisin in the grantor, a judgment could not attach as a lien.

*Foot*, in reply. An estoppel has not a retrospective operation; it can only affect subsequent voluntary conveyances. The judgment under which the plaintiff claims being prior to the conveyances to the defendant, cannot be affected by the estoppel created by those conveyances.

*By the Court*, MARCY, J. The judgment *eo instanti*, the property descended became a *lien* upon it, and the title to it vested in the purchaser at the sheriff's sale, unless the operation of the deeds to the defendant prevented it. When these deeds were executed, Price had no title or claim to the premises, and could therefore convey no right to them. *Qui non habet, ille non dat*. A grant by a person who has no estate, as an heir in the life time of his ancestor, will not pass any estate. (3 Preston on Abstract of Titles, 25, 6.) This position is well warranted by *Sir Marmaduke Wivel's* case, (Hob. 46.) In that case a tenant in tail of an advowson,

and his son and heir joined in a grant of the next avoidance. The tenant in tail died, and it was held that the grant was utterly void against the son and heir who had joined in the grant, because he had nothing in the advowson, neither in possession nor right, nor in actual possibility, at the time of the grant. It is said in the Touchstone, (239,) that a bare possibility of an interest which is uncertain is not grantable. The expectancy of an heir at law in the life of the ancestor, (and such was the defendant's grantor in this case,) is less than a possibility. (*Wright* v. *Wright*, 1 Ves. sen. 409.) Where a son releases in the life time of his father, the release is void, because, as Lord *Coke* says, he has no right at the time of making the release ; all the right is in the father and therefore, after the death of his father, the son may enter into the land against his own release. (Co. Lit. 265, a.)

It is very clear, both from reason and authority, that no title passes by the deed of an heir apparent or presumptive, to lands that may afterwards descend to him on the death of his ancestor ; yet the heir may be barred by his deed from recovering such lands. Where the deed is by warranty, the warranty will rebut and bar the grantor and his heirs of a future right. This is not because a title ever passes by such a grant, but the principle of avoiding circuity of action interposes and stops the grantor from impeaching a title to the soundness of which he must answer on his warranty. (Co. Litt. 265, a.)

This estoppel, however, exists only where there is a covenant of warranty. It is contended on the part of the defendant that there is an estoppel in this case, and that it applies to the title set up by the plaintiff. There is no express warranty in either deed, nor any thing that, in my judgment, is equivalent to a warranty. That which seems to be most confidently relied upon as making the requisite warranty, is the part of the first deed which immediately follows the *habendum*. The premises are to be held by the grantee, his heirs and assigns forever, " so that neither the grantor, his heirs, executors or administrators shall, at any time after the execution of the deed, challenge or demand any estate, right, title or interest therein, by any way or means whatsoever ;

but shall be forever barred and precluded from all right, title, interest or estate in the same." We are not called on to say what would be the effect of this clause in the deed under other circumstances ; but only to inquire how it would affect the grantor on the supposition that the plaintiff should recover in this suit. If the plaintiff should succeed, could the defendant recover against his grantor for the breach of any express or implied covenant ? The estoppel is on the principle of avoiding circuity of action ; and if the grantor is not liable to an action, there can be no estoppel.

But if the grantor, by reason of his deed, be estopped from setting up title to the premises, does the estoppel apply to the title of the plaintiff ? I apprehend it does not. An estoppel does not bind strangers. (Co. Litt. 352, a.) The plaintiff here is a stranger in respect to the matter that is alleged as the estoppel—the deed. He is not a party to it; his title is in no way derived from it. He relies upon no act of the grantor, performed subsequent to the execution of the deeds, to give validity to his title. If the doctrine of estoppel does not apply to this case, (and it appears to me quite evident that it does not not,) all difficulty is at once removed.

<div style="text-align:right">

Judgment for the plaintiff.