## THOMAS CLARK & another *vs.* NATHANIEL SWIFT.

A covenant in a deed, that the land thereby conveyed is free from all incumbrances, does not run with the land, and an action for the breach thereof cannot be maintained by an assignee of the grantee.

If there be an incumbrance on land at the time when it is conveyed with a covenant against incumbrances, the covenant is broken as soon as it is made, a cause of action immediately accrues to the grantee, and unless the action is commenced within twenty years from that time, it is barred by the statute of limitations — Rev. Sts. c. 120, § 7

COVENANT BROKEN. The declaration alleged that the defendant, on the 2d of June 1815, by his deed conveyed certain land in Andover to Thomas Holt, and in said deed covenanted with Holt, his heirs and assigns, that the conveyed premises were free from all incumbrances : That the plaintiffs, by virtue of a conveyance of said land by Holt, and by sundry subsequent conveyances thereof, have acquired title thereto, and, on the 5th of November 1830, became the assigns of the defendant, and ought to have and enjoy the land free of all incumbrances, according to the defendant's covenant aforesaid : That the land, when the defendant so conveyed it to Holt, was not free from all incumbrances, and never since has been ; but that the defendant, on the 9th of April 1814, conveyed to Ralph H. Chandler, his heirs and assigns, a right of way over said land, and "the privilege of going to and using the well and pump" upon said land ; which rights "still exist, and did exist at the time of making

said deed to said Holt, and have existed ever since," as an in-cumbrance on the land.

At the trial, before *Putnam*, J. the facts stated in the plaint.ffs' declaration were proved or admitted, and a verdict was returned for the plaintiffs, subject to the opinion of the whole court, whether they could maintain the action.

Several points of defence, which were raised on the evidence, and ruled against the defendant at the trial, are here omitted, as . became unnecessary for the court to decide upon them.

This case was argued at Boston, January 21st 1841.

*Hazen*, for the defendant. The statute of limitations is a bar to this action. The cause of action, if any, accrued more than 20 years before the suit was commenced. Rev. Sts. *c.* 120, § 7. When an incumbrance exists at the time of a conveyance, the covenant against incumbrances is broken as soon as it is made ; it does not run with the land, and an assignee of the grantee cannot maintain an action thereon. In this respect, there is no difference between the covenant against incumbrances and the covenant of seizin. 4 Kent Com. (3d ed.) 471. *Bartholomew* v. *Candee*, 14 Pick. 167. *Wheelock* v. *Thayer*, 16 Pick. 68. *Mitchell* v. *Warner*, 5 Connect. 497. *Davis* v *Lyman*, 6 Connect. 249.

*F. Cummins*, for the plaintiffs. A cause of action did not accrue to the plaintiffs until they acquired title to the land, in 1830. If the suit were by Holt or his executor, the statute of limitations might furnish a bar.

The breach of the covenant sued on is a continuing breach, and the assignee of the covenantee may therefore well maintain an action therefor against the covenantor. Platt on Covenants, 304. 460. *Kingdon* v. *Nottle*, 1 M. & S. 355 : 4 M. & S. 53. 2 Roscoe on Real Actions, 437. *King* v. *Jones*, 5 Taunt. 418 : 4 M. & S. 188. *Withy* v. *Mumford*, 5 Cow. 137. *Sprague* v. *Baker*, 17 Mass. 589. Hob. (Williams's ed ) 4 *g*, note. *M'Crady* v. *Brisbane*, 1 Nott & M'Cord, 104.

The cases of *Stinson* v. *Sumner*, 9 Mass. 143, and *Eastabrook* v. *Hapgood*, 10 Mass. 313, are decisive authorities in support of this action.

*Hazen*, in reply. In the cases cited from 9 and 10 Mass. the question now made was not raised. The matter passed *sub silentio;* and it is clear from subsequent cases, that the court have never regarded the point as *adjudged* in this Commonwealth. In *Sprague* v. *Baker*, 17 Mass. 590, *Wilde* J. said it was "unnecessary to give a decided opinion on this point." *Shaw*, C. J. made a similar remark in *Pettee* v. *Hawes*, 13 Pick. 327 ; but in *Thayer* v. *Clemence*, 22 Pick. 493, he expressed a decided opinion that a covenant against incumbrances cannot be sued by an assignee.

WILDE, J. At the trial of this cause several questions of law were raised and reserved for the consideration of the court, most of which, according to the view we have taken of the case, become immaterial, as we consider one objection to the form of the action conclusive in favor of the defendant.

The action is founded on the alleged breach of the defendant's covenant against incumbrances in his deed to Thomas Holt of the premises described in the writ, and from whom the plaintiffs derive their title. The breach alleged is, that at the time of executing said deed to the said Holt, the land conveyed to him was not free from all incumbrances, but that the defendant had before that time granted a passage and right of way, over and along said land conveyed, to one Ralph H. Chandler; which incumbrance, it is averred, still exists, and did exist at the time of making said deed to said Holt, and has existed ever since. Thus it appears, by the plaintiffs' own showing, that the covenant on which they rely was broken as soon as made ; and that a covenant thus broken does not run with the land, is a well established doctrine of the common law. A right of action for the breach of this covenant immediately accrued in favor of Holt, and this chose in action, like all other choses in action, is not assignable, so as to authorize the assignee to maintain an action in his own name. An assignee cannot sue upon a breach of covenant that happened before his time. Com. Dig. Covenant, B. 3. Bac. Ab. Covenant, E. 5. The case of *Lucy* v. *Levington*, 2 Lev. 26, is a leading authority on this point, in which it was decided that an action by the executor of the covenantee upon a covenant for

quiet enjoyment of land conveyed, was well brought ; the breach assigned being that the plaintiff's testator was evicted in his lifetime, and so the covenant, being broken, did not go with the land to the heir. So in *Lewes* v. *Ridge*, Cro. Eliz. 863, which was an action by an assignee, on a covenant which had been broken before the assignment, it was held that for such a breach, being a thing in action not transferable by law, an action was not maintainable in the name of the assignee.

A different doctrine, however, was laid down in the case of *Kingdon* v. *Nottle*, 4 M. & S. 53, in which it was held that an action might be maintained by a devisee of the grantee of land, on the covenant of seizin, although broken in the lifetime of the testator ; the breach being considered as continuing in the time of the devisee. It was also decided in *Kingdon* v. *Nottle*, 1 M. & S. 355, that for such a breach of covenant no action could be maintained by the executor of the grantee. But it seems difficult to reconcile these decisions with the former authorities, and with the well known rule of the common law, that choses in action are not assignable ; and they are certainly against the current of subsequent authorities.

In the case of *Bickford* v. *Page*, 2 Mass. 455, it was decided that the covenant of seizin, having been broken immediately on the execution of the deed, was then a chose in action, and not assignable. So in *Prescott* v. *Trueman*, 4 Mass. 627, it was held that the covenant against incumbrances is broken immediately by any subsisting incumbrance. And recently, in *Thayer* v. *Clemence*, 22 Pick. 493, 494, the same doctrine is laid down by the chief justice, in delivering the opinion of the court : " The usual covenants in a deed of warranty, are, that I am seized &c., that I have good right &c., that the premises are free of all incumbrances. These," he says, " are all *in præsenti*, and if the facts covenanted to be true are not so, the covenants are broken when made, the right to enforce them is a chose in action, and cannot be assigned so as to enable an assignee to bring an action in his own name."

The same doctrine is held in New York ; *Greenby* v. *Wilcocks*, 2 Johns. 1. *Hamilton* v. *Wilson*, 4 Johns. 72. *Kane* v. *San-*

*ger*, 14 Johns. 89 ; and in New Jersey ; *Chapman* v. *Holmes*, 5 Halst. 20. *Garrison* v. *Sandford*, 7 Halst. 261 ; and in Vermont ; *Garfield* v. *Williams*, 2 Verm. 327 ; and in Connecticut ; *Mitchell* v. *Warner*, 5 Connect. 497. In the latter case, chief justice Hosmer examined the doctrine and the authorities very fully, and with great ability ; and particularly the case of *Kingdon* v. *Nottle.* " From the opinion in that case," he declares, " 1 am compelled to dissent *in omnibus.* First, I affirm that the novel idea attending the breach in the testator's lifetime, by calling it a continuing breach, and therefore a breach to the heir or devisee at a subsequent time, is an ingenious suggestion, but of no substantial import. Every breach of a contract is a continuing breach, until it is in some manner healed ; but the great question is, *to whom* does it continue as a breach ? The only answer is, to the person who had title to the contract, when it was broken. A second supposed breach is as futile as the imaginary unbroken existence of a thing dashed in pieces. It has no analogy to a covenant to do a future act at different times, which may undergo repeated breaches." He concludes, therefore, that the determination in the case of *Kingdon* v. *Nottle*, " is against the ancient, uniform, and established law of Westminster Hall, and against well settled principles and decided cases in the surrounding States."

These objections to the decision in the case reviewed are certainly very forcibly expressed. That decision, as Chancellor Kent remarks, was severely criticised. But we concur in the opinion that the decision cannot be reconciled with a well established principle of the common law. The distinction on which the principle, that choses in action are not assignable, is evaded, is not well founded. Chancellor Kent says, " the reason assigned for the decision is too refined to be sound." 4 Kent Com. (3d ed.) 472. There was not in that case, and there could not have been, but one breach of the covenant of seizin. " It was single, entire, and perfect, in the first instance ;" and thereupon a right of action vested in the testator ; and, unless this right could by law be transferred to the devisee, no action in his name could be maintained in a court of law. This rule

as to choses in action is a technical rule, it is true, and does not affect the merits of the case. But technical rules, and rules as to the forms of proceedings, must be observed, without regard to the consequences which may follow in particular cases ; otherwise, the stability of judicial decisions, and the certainty of the law, cannot be preserved.

As to the rule in question, it interposes a formal difficulty only ; and it is no actual obstruction to the due administration of justice. The assignment of a chose in action is valid in equity, and courts of law will take notice of equitable assignments, made *bonâ fide* and for a valuable consideration, and will allow the assignee to maintain an action in the name of the assignor.

In the present case, however, the action could not be maintained, although it had been brought in the name of Holt, the original grantee; because it is clear that the action accrued to him more than twenty years before the present action was brought, if in fact there was an existing incumbrance on the granted prem ises, at the time of the grant. The action, therefore, would be barred by the statute of limitations. It is true, that if such an action had been brought before any disturbance of the posses sion, and before the incumbrance had been removed, the plaintiffs would have been entitled to only nominal damages ; but then twenty years are allowed, in such a case, after the breach of the covenant, for the party to clear away the incumbrance, and to entitle himself to a full indemnity. And if he lies by until the limited times expires, without removing the incumbrance and commencing his action, the statute of limitations will certainly be a good bar.

The plaintiffs' only remedy, if they have any, is on the covenant of warranty. That covenant runs with the land ; and if the plaintiffs had been evicted by a paramount title, they could undoubtedly maintain an action for the breach of that covenant, in their own names. Whether the facts reported show such a disturbance of the possession as would be considered equivalent to an eviction by a title paramount, is a question upon which at present we give no opinion. The question cannot be raised in

this case, unless the plaintiffs should move for leave to amend their declaration, which may be allowed on such terms as the court may hereafter direct.

(On motion, the plaintiffs had leave to amend their declaration.)