WILLIAM PIKE *versus* THOMAS C. GALVIN.

Where one has made a conveyance of land, by a deed containing a covenant of warranty, a title subsequently acquired will be transferred to the grantee, or the grantor, and those claiming under him will be estopped to deny it.

Where one has made a conveyance of land by deed containing no covenant of warranty, an after acquired title will not enure or be transferred to the grantee; nor will the grantor be estopped to set up his title subsequently acquired, unless by doing so he be obliged to deny or contradict some fact alleged in his former conveyance.

The doctrine as to covenants in a deed, asserted in the case of *Fairbanks* v. *Williamson*, 7 Greenl. 96, is overruled.

A WRIT OF ENTRY. The facts in this case sufficiently appear in the opinion of the Court. WELLS, J. gave a dissenting opinion which has not come into the hands of the Reporter.

SHEPLEY, J. — The title of both parties to the demanded premises is derived from Artemas Ward, who by his agent Robbins, made a contract in writing, on October 26, 1820, to convey a tract of land including the premises to Theodore Jellison upon the performance of certain conditions therein stated. Jellison appears to have entered into possession, but does not appear to have performed the conditions. On July 7, 1823, Jellison assigned that contract to the demandant, and on the same day made a deed of release purporting to convey the same tract of land to the demandant. Artemas Ward on October 27, 1825, by a deed containing covenants of warranty, conveyed a larger tract of land including the tract before named, to Jones Dyer, jr. who on July 11, 1829, conveyed to Theodore Jellison the tract of land described in his deed to

the demandant. Jellison on May 9, 1833, conveyed the premises demanded to Stephen Emerson. These conveyances were all duly recorded. The defendant is the tenant of Joseph Wyeth and Stephen G. Bass, who have exhibited a title derived from Stephen Emerson. The demandant has never been in possession of the land described in his deed from Jellison, but Jellison and those claiming title from Ward through Jellison have always been in possession.

As Jellison had no title when he made his deed on July 7, 1823, the demandant can have none, unless that acquired by Jellison on July 11, 1829, enured to him.

The deed from Jellison to the demandant contains no covenants but the following, " so that neither I, the said Jellison, nor my heirs or any other person or persons claiming from or under me or them, or in the name, right or stead of me or them, shall or will by any way or means have, claim or demand any right or title to the aforesaid premises or to any part or parcel thereof forever."

Without entering upon a discussion of the doctrine or the different aspects of it presented in the very numerous cases, which have been decided respecting the effect of covenants contained in a conveyance of land, to transfer to the vendee by enurement, estoppel, or otherwise, a title subsequently acquired, it will be sufficient for the present purpose, to state a couple of positions, which appear to have been asserted or admitted in many of them.

1. When one has made a conveyance of land by a deed containing a covenant of warranty, a title subsequently acquired will be transferred to the vendee, or the vendor and those claiming under him will be estopped to deny it.

Such is the doctrine in this State. *White* v. *Erskine*, 1 Fairf. 306 ; *Lawry* v. *Williams*, 13 Maine R. 281 ; *Baxter* v. *Bradbury*, 20 Maine R. 260.

In New Hampshire. *Kimball* v. *Blaisdell*, 5 N. H. R. 533.

In Vermont. *Middlebury College* v. *Cheney*, 1 Vermont R. 336.

In Massachusetts. *Somes* v. *Skinner*, 3 Pick. 52 ; *White* v. *Patten*, 24 Pick. 324.

In New York. *Jackson* v. *Matsdorf*, 11 Johns. R. 91 ; *Jackson* v. *Bradford*, 4 Wend. 619 ; *Pelletreau* v. *Jackson*, 11 Wend. 110.

In Ohio. *Hill* v. *West*, 8 Ham. 222.

In the Courts of the United States. *Terrett* v. *Taylor*, 9 Cranch, 53 ; *Mason* v. *Muncaster*, 9 Wheat. 455 ; *Stoddard* v. *Gibbs*, 1 Sum. 263.

Against these and other decisions to the same effect it has been contended, that " the old common law warranty has no practical operation under the system of conveyancing employed in this country, except in the single case of release with warranty, to a party in adverse seizin of an estate, and of a subsequent descent of the right of entry or action to the warrantor." And that " the doctrine of estoppel in deeds cannot be based upon that of warranty." *Doe* v. *Oliver*, Smith's L. C. 460, in note. If the question could be considered as open to discussion, it might be worthy of deliberate consideration. But it would seem to be too late to entertain it.

2. Where one has made a conveyance of land by deed containing no covenant of warranty, an after acquired title will not enure or be transferred to the vendee ; nor will the vendor be estopped to set up his title subsequently acquired, unless by doing so he be obliged to deny or contradict some fact alleged in his former conveyance.

There is an irreconcileable difference in the decided cases respecting this proposition. It is believed however to be fully established by the better considered opinions ; and to be in accordance with well established principles.

It is sustained in this State by the cases of *Allen* v. *Sayward*, 5 Greenl. 227 ; and *Ham* v. *Ham*, 14 Maine R. 351, and opposed by the case of *Fairbanks* v. *Williamson*, 7 Greenl. 96.

In New Hampshire it is sustained by the case of *Kimball* v. *Blaisdell*, 5 N. H. R. 533.

In Massachusetts it is sustained by the cases of *Somes* v. *Skinner*, 3 Pick. 61 ; *Blanchard* v. *Brooks*, 12 Pick. 47 ; *Comstock* v. *Smith*, 13 Pick. 116, and opposed by the case of *Trull* v. *Eastman*, 3 Metc. 121.

In Connecticut it is sustained by the case of *Dart* v. *Dart*, 7 Conn. R. 250.

In New York it is sustained by the cases of *Jackson* v. *Wright*, 14 Johns. R. 193; *Jackson* v. *Bradford*, 4 Wend. 619; *Pelletreau* v. *Jackson*, 11 Wend. 110; *Jackson* v. *Waldron*, 13 Wend. 178. And it may be considered as opposed by the cases of *Jackson* v. *Bull*, 1 John. Cas. 81, and *Jackson* v. *Murray*, 12 Johns. R. 201. If they be so considered, they were overruled by the case of *Pelletreau* v. *Jackson*.

In Ohio it is sustained by the case of *Kinsman* v. *Loomis*, 11 Ohio, 475.

The only suitable inquiry to be entertained in this State is, whether our own case of *Fairbanks* v. *Williamson*, although the doctrine asserted in it may have been approved elsewhere, as well as in the case of *White* v. *Erskine*, can upon sound principles be sustained. The deed in that case, contained no covenant but that of *non claim*. The ground, upon which it was decided, that a title subsequently acquired enured to the vendee, appears to have been, that the covenant of non claim was " a covenant real, which runs with the land and estops the grantor and his heirs to make claim, or set up any title thereto."

Covenants, which relate to the land, are said to run with the land. *Sale* v. *Kitchingham*, 10 Mod. 158; *Norman* v. *Wells*, 17 Wend. 136. But a covenant, which may run with the land, can do so only when the land is conveyed. It can only run, when attached to the land, as its vehicle of conveyance. *Spencer's case*, 5 Coke, 17 b; *Lucy* v. *Levingston*, 2 Lev. 26; *Lewes* v. *Ridge*, Cro. Eliz. 863; *Bickford* v. *Page*, 2 Mass. 460; *Slater* v. *Rawson*, 1 Metc. 456; *White* v. *Whitney*, 3 Metc. 81; *Clark* v. *Swift*, 3 Metc. 390; *Chase* v. *Weston*, 12 N. H. 413; *Garfield* v. *Williams*, 2 Verm. 327; *Beardsley* v. *Knight*, 4 Verm. 471; *Mitchell* v. *Warner*, 5 Conn. 497; *Kane* v. *Sanger*, 14 Johns. 89; *Beddoe* v. *Wadsworth*, 21 Wend. 120; *Garrison* v. *Sandford*, 7 Halst. 261; *Randolph* v. *Kinney*, 3 Rand. 394; *Backus* v. *McCoy*, 3 Ham.

211 ; *Allen* v. *Wooley*, 1 Blackf. 149. The cases of *Kingdon* v. *Nottle*, 1 M. & S. 353 and 4 M. & S. 53, are denied to have been correctly decided in *Mitchell* v. *Warner*, 5 Conn. 497 ; and in *Clark* v. *Swift*, 3 Metc. 390. Kent, also, in speaking of covenants, which run with the land says, " they cannot be separated from the land and transferred without it, but they go with the land, as being annexed to the estate." 4 Kent's Com. 472, note b.

Admitting the covenant in the deed, alluded to in *Fairbanks* v. *Willsamson*, to be a covenant that might run with the land, it could not run or be transferred by law, to the assignee of the grantee, so as to enable him to derive any benefit from it. Nor could it operate in his favor by way of estoppel to prevent circuity of action, for he could maintain no action on that covenant. Nor could it so operate in any other mode, unless there had been found some allegation in the deed, by which the releasor had asserted some matter to be true, which he must necessarily contradict, and deny to have been true, if he would claim to be the owner of the land. In such case he would have been estopped, because the law will not permit one, who has in such a solemn manner admitted a matter to be true, to allege it to be false. " This," says Kent, " is the reason and foundation of the doctrine of estoppels." 4 Kent's Com. 261, note d ; where he also says, " a release or other deed, when the releasor or grantor has no right at the time, passes nothing, and will not carry a title subsequently acquired, unless it contains a clause of warranty ; and then it operates by way of estoppel, and not otherwise." The covenant of non claim asserts nothing respecting the past or the present. It is only an engagement respecting future conduct.

One, who acquires no title by a release without covenants respecting the title, cannot recover back the purchase money, which he paid for it. *Emerson* v. *the County of Washington*, 9 Greenl. 88. To permit him to acquire a title subsequently purchased by his releasor, would often enable him to obtain in another and less direct mode, property of more value than the purchase money.

The conclusion is, that the doctrine asserted in the case of *Fairbanks* v. *Williamson*, cannot, upon sound principles be admitted, and that the decided cases in this and other States, are opposed to it.

When Jellison made his deed of release to the demandant, he was in possession in submission to the title of Ward, and was but a tenant at will to him. Not being seised of a fee simple he could not convey it. The demandant must have known, when he received that deed, that Jellison had no title and could convey none, for he at the same time, took an assignment of Jellison's contract, to purchase that land of Ward. He subsequently acted as an appraiser to make a levy and to pass the title to a part of that land, from a grantee of Jellison to a creditor of that grantee. There is no allegation in the deed of Jellison to the demandant respecting the title, which it would be necessary for Jellison or his grantee to deny or contradict by setting up a title subsequently acquired.

*Demandant nonsuit.*

*F. A. Pike*, for demandant.

*J. Granger*, for tenant.