## MATHER v. STOKELY.

(Circuit Court of Appeals, First Circuit. September 13, 1916.)

No. 1167.

1. COVENANTS ☞125(1)—COVENANT OF SEISIN—ACTION FOR BREACH—DEFENSES.

The defendant in an action for breach of a covenant of seisin is entitled in reduction of damages to the benefit of any profits derived from the land by plaintiff, and for which by reason of lapse of time he is not liable.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 231, 232, 234; Dec. Dig. ☞125(1).]

2. Judgment ⬤⟿414—Relief Against in Equity—Defenses Arising After Judgment.

> Where, after rendition of judgment against the defendant in an action for breach of covenant of seisin, and before satisfaction, the title of plaintiff, who had remained in undisturbed possession and use of the land, was made good by the running of the statute of limitations, defendant may maintain a suit in equity to enjoin enforcement of the judgment.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 780; Dec. Dig. ⬤⟿414.]

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit in equity by John L. Mather against Hattie N. Stokely. Decree for defendant, and complainant appeals. Reversed.

Hollis R. Bailey, of Boston, Mass., for appellant.

Theobold M. Connor, of Northampton, Mass. (David H. Keedy, of Amherst, Mass., on the brief), for appellee.

Before PUTNAM and BINGHAM, Circuit Judges, and MORTON, District Judge.

MORTON, District Judge. [1] This is a suit in equity to enjoin the respondent from enforcing a judgment obtained in an action at law by her against the complainant in the District Court for breach of covenants of seisin and good right to convey contained in a deed from him to her of a tract of timber land in Florida, comprising about 1,100 acres. The present case was heard upon demurrer, and a decree was entered dismissing the bill. The complainant has appealed. The bill was amended before the hearing, and it was the amended bill that was dismissed. The judgment in the action at law has not been satisfied in whole or in part. An interlocutory injunction restraining the enforcement of the judgment until further order was issued as prayed for.

The gist of the amended bill is that upon receiving the deed the respondent, Stokely, immediately entered into possession of the tract described in it and has continued in possession of the same ever since; that she and her grantees have been exercising thereon, without disturbance from any one, the rights of cutting timber and of turpentining, and she has realized therefrom upwards of $7,500; and that the Florida statute of limitations has run in her favor against the owners and holders of the paramount title to the land since the trial and assessment of damages in the action at law. The bill prays, among other things, that it may be decreed that the respondent is entitled to only nominal damages, and that she may be permanently enjoined from enforcing the judgment by taking out execution, or otherwise.

The action at law (Mather v. Stokely, 218 Fed. 764, 134 C. C. A. 442) must be taken to have decided that there was a breach as alleged of the covenants of seisin and of good right to convey. That question is therefore concluded. The complainant does not contend that it is not, and he does not seek in the present suit to review the correctness of that decision. It must also be taken as decided in that

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

case that, upon the facts appearing there, the rule of damages was the consideration paid for the land and interest from the date of payment.

[2] This case, however, presents a different question from any that arose in that action, viz. whether, the statute of limitations having run in the grantee's favor since the trial and assessment of damages in that case, and the judgment being still unsatisfied in whole or in part, the complainant is entitled to relief in equity to prevent the enforcement of the judgment. It is not contended, and indeed could not be, that the running of the statute since the verdict would operate as a bar to the maintenance of that action.

An objection, somewhat preliminary in its nature, which would, if well taken, be fatal, is urged. It is that the facts now relied on could have been taken advantage of in the action at law, and that the complainant has therefore been guilty of laches. The short answer to that objection is that, according to the allegations of the amended bill, which, for the purposes of the hearing on the demurrer, must be taken as true, the statute of limitations had not run, as to the land, at the time of the trial, and the complainant could not then have availed himself of the facts now alleged in reference thereto, in reduction of damages, or otherwise. Neither could he have taken advantage of them, as of right, if at all, on a motion in arrest of judgment, or for a new trial. They would have had to be introduced into the case as a new issue, which had come into existence since the verdict, something which the Supreme Judicial Court of Massachusetts said in Marshall v. Merritt, 13 Allen, 274, concerning a motion for leave to file a supplemental answer setting up a settlement after verdict, it knew of no practice to authorize.

There can be no doubt that if the statute had run in favor of the respondent at any time down to the trial and the actual assessment of damages, or if it had appeared that the respondent had received profits from the land for which, by lapse of time, she was no longer accountable to anybody, the complainant would have been entitled to introduce evidence of the same in reduction of damages, though he would still have remained liable for nominal damages. In Cornell v. Jackson, 3 Cush. (Mass.) 506, 511, the court said, in considering the matter of damages for breach of the covenant of seisin:

"If, by any means, the party is restored to his land before the assessment of damages, though it cannot purge the breach of covenant, it will reduce the damages pro tanto."

That was a case where, after action had been brought, title to a part of the land accrued to the plaintiff by way of estoppel under a covenant of warranty contained in the deed. In Whiting v. Dewey, 15 Pick. (Mass.) 428, 434, 435, also an action involving a breach of the covenant of seisin, it was held that although the general rule was that the purchase money, with interest, was the measure of damages, nevertheless, inasmuch as the plaintiff had received profits from the land for which, by reason of the lapse of time, he was no longer liable, such profits should be deducted from the purchase money and interest. It would seem in that case that the time had expired be-

fore the action was brought, but there is no reason for thinking that the rule would have been laid down any differently if the time had lapsed after, instead of before, the commencement of the action. The matter is summed up in 2 Sutherland on Damages (3d Ed.) § 599, p. 1722, as follows:

"Whatever the covenantee realizes as a benefit from the conveyance to him will diminish the actual loss. If the title is made good by the statute of limitations, and there has been no actual disturbance or injury, the damages would be merely nominal. Though in these cases the cause of action accrues upon the execution of the deed, the damages are assessed with reference to the state of facts existing at the time when the assessment is made; and any facts occurring afterwards, even up to the actual assessment of the damages, tending to increase or diminish them, may be given in evidence and considered by the jury."

See Baxter v. Bradbury, 20 Me. 260, 37 Am. Dec. 49; Morrison v. Underwood, 20 N. H. 369; Dickey v. Weston, 61 N. H. 23; Garfield v. Williams, 2 Vt. 327, 329; Catlin v. Hurlburt, 3 Vt. 403, 409; Miller v. Hartford & S. Ore Co., 41 Conn. 112; Noonan v. Ilsley, 21 Wis. 140; Smith v. Hughes, 50 Wis. 620, 7 N. W. 653; Wilson v. Forbes, 13 N. C. 30, 39; Pate v. Mitchell, 23 Ark. 591, 79 Am. Dec. 114; 3 Washburn on Real Property (6th Ed.) § 2410; 3 Sedgwick on Damages (8th Ed.) § 978; Rawle on Covenants for Title (4th Ed.) 265. This rule is applied in numerous cases in contract and tort, and would seem to rest on sound principles where the damages themselves do not constitute the cause of action, but are the consequences that flow from it.

There can be no doubt, also, that it comes within the purview of jurisdiction in equity to afford relief in a proper case from the enforcement of a judgment that has been rendered at law.

It is said by Harlan, J., in Marshall v. Holmes, 141 U. S. 589, 591, 12 Sup. Ct. 62, 64 (35 L. Ed. 870), quoting from Marshall, C. J., in Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 336, 3 L. Ed. 362, that:

"Any fact which clearly proves it to be against conscience to execute a judgment and of which the injured party could not have availed himself in a court of law, * * *, will justify an application to a court of chancery."

The present would seem to be a case eminently proper for the exercise by a court of equity of its power to restrain the enforcement of a judgment rendered at law. The effect of the demurrer taken in connection with the allegations of the amended bill is to constitute an admission on the part of the respondent that she has been in possession of the tract described in the deed from immediately after receiving the deed down to the present time, exercising the right of cutting timber and of turpentining, and has realized therefrom upwards of $7,500, and that the statute of limitations has run in her favor since the time of the assessment of damages, so that she has acquired an indefeasible title to the land. If the complainant is not granted the relief which he seeks, the result will be that he will have to pay back the full consideration which he received, although the respondent has acquired in the meantime, without any expense or trouble on her part, by mere adverse possession, full title to the land,

and has already received in the way of profits more than she paid, plus interest, for which sums she is no longer accountable to any one. Such a result should be avoided if it can be, and we think that it can.

It is plain, as before suggested, that, if the statute had run in the grantee's favor before the trial and the assessment of damages, that fact could have been shown in reduction of damages. No good reason can be given why this right to benefit by the running of the statute should be limited to the action at law, or why the complainant should be denied relief because the statute has run since the trial and assessment of damages instead of before. So to hold, would put it in the power of the covenantee, by bringing action before the statute had run, to deprive the covenantor of any opportunity to show that the statute had subsequently run in favor of the covenantee, and that the latter had received profits which should in equity and good conscience go as reduction of the damages. This is enough to show that there cannot be any such limit or bar to the relief which is sought, unless there is some other ground on which it should be refused.

The respondent contends that her bringing of the action at law operated to prevent the running of the statute and the acquisition by her of a title by adverse possession. But, in the first place, there is nothing in the Florida statute (see 3 Washburn on Real Property [6th Ed.] p. 150), by way of exception or otherwise, to prevent the running of it in her favor because she brought suit for the breach of the covenants of seisin and good right to convey; and, in the next place, her admission that she has been in possession, cutting timber and turpentining over, so far as appears, the whole tract, can have, it seems to us, no less effect than occupancy by the erection of buildings would have had in respect to the land so conveyed, acts which she would not have been permitted to falsify by a disclaimer, or plea of non tenure. Proprietors of Locks and Canals v. Nashua & Lowell R. R., 104 Mass. 1, 10, 6 Am. Rep. 181.

It is, no doubt, true, as the respondent contends, that upon satisfaction in full by the complainant of the judgment, the respondent would be estopped from asserting any title under her deed as against him to the tract described in it. But as the case stands the complainant is not and cannot be required to satisfy the judgment; and the contention has therefore no force or effect. The objection that neither the profits received, nor any part thereof, nor the title acquired by the respondent, came from the complainant, is fully met by the cases referred to above.

We have thus far dealt with the case as concerning the title to the land only. The bill also refers to rents and profits of the land alleged to have been received by the respondent; but it does not allege that at the time of the trial and assessment of damages the statute of limitations against personal actions had not run in her favor, nor that she was at that time still liable to the paramount owner for such rent and profits. If her liability was then barred, the amount of the rent and profits could have been shown by Mather and applied

in reduction of damages (cases supra); and he is not now entitled to equitable relief in respect thereto.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; and the appellant recovers his costs of appeal.

PUTNAM, Circuit Judge, concurs in the result.