City of Milwaukee vs. Milwaukee and Beloit Railroad Co. et al.

THE CITY OF MILWAUKEE, Respondent,

*vs.*

THE MILWAUKEE & BELOIT RAILROAD CO.,
WILLIAM MULLEN *et. al.* Appellants.

APPEAL FROM THE MILWAUKEE CIRCUIT COURT.

The City of Milwaukee has not such an interest or property in the streets and public squares, across and along which the Milwaukee & Beloit Railroad Company propose to, or are building their road, as to enable said city to maintain an action to enjoin or restrain said Company from such construction of their road.

The owners of lots bounded by a public street own the soil to the center of the street, subject to the public easement.

The public, or corporate authorities do not become vested of the fee of land dedicated to the public use, but only to the use of it for the purpose for which it was dedicated.

This was a complaint filed for the purpose of perpetually enjoining and restraining the Milwaukee & Beloit Railroad Company, from laying and constructing their track along certain streets and across the public square, in the fifth ward of the City of Milwaukee.

The complaint states that on or about the 12th day of February, 1857, the said defendant, (the M. & B. R. R. Co.) one of the defendants, caused notice to be given to the Alderman of the Fifth Ward of said City, that they, said Railroad Company, had located the line of their railroad upon and along Mineral street, from Clinton to Geddings street, and across the Public Square in Walker's Point Addition in said Fifth Ward, and would without delay commence and complete laying the track for the same upon and along said street and public square. And this plaintiff says that said Mineral street is a

public street and highway of said city, in said Fifth Ward, and that said square is public ground therein, belonging to said city, and that there are many dwelling houses and other building upon the lots bordering upon and adjoining each side of said street where said railroad is so located, and that said houses and other buildings are of great value. And this plaintiff says that the distance along said street and public square on which said line of railroad is so located, as aforesaid, is more than one-fourth of a mile, and that the whole thereof is within the corporate limits of said city, as they now are and as they were at the date of the passage of the charter of said Company. And this plaintiff further says, that said Railroad Company claim that they have a right under the charter and the State of Wisconsin, so to locate the line of their road, and to lay the track thereof in said street and public square, and to grade the same to the grade established for said road, and to lay down their track therein, and run their locomotive engines and cars in the same, without the consent of said city, and without compensation to said City for the damages sustained by reason thereof. And this plaintiff says, that said Company has so located their road, as aforesaid, along and over said street and public square, and have actually commenced grading the same, and digging the earth therein, and for that purpose have let the contracts and employed, and are now employing on said street and public square, a large number of agents, contractors, servants and workmen, with spades, pickaxes, shovels, wheelbarrows and carts, and that the defendants, William Mullen, Thomas Hinch and Nicholas O'Byrne, are contractors and sub-contractors, with their associates and partners in carrying on said work under said Railroad Company. And this plaintiff says, that the city of Milwaukee has established the grade of said street, and graded or caused to be graded, the greater part of the same to the grade so established, and that in so doing and

in making the same passable for the convenience of the public, it has expended, or caused to be expended, a large sum of money, and that the grade established by said company, and the grade necessary for the track of their said Railroad over said street and public square, in order to enable said Company to run their cars over the same, are entirely different from that established by said city for the convenience of the public, and that the grading of said street to the grade necessary for said Railroad, as established by said company, so that the same could be used for the purposes of said Railroad, would almost entirely destroy the value of said street, for the purposes of a public street, and would make the same a public nuisance. And this plaintiff further says, that the fee of said street and public square is vested in said city by dedication from the owners of the land, through which the same is laid out, and that said Company have not appraised, nor caused to be appraised, the damages done to said city in the value of its interest in said street and public square, nor have they paid, or offered to pay to said city, any sum therefor, but claim that under said statutes, they can take possession of and use said street and public square, without making compensation to any person or corporation therefor. And this plaintiff shows that under the constitution of the State of Wisconsin, any statute which authorizes the taking of said street or public square, for the purposes of said Company, without making compensation therefor, is and would be unconstitutional and void. And this plaintiff denies, that said statutes apply to said Company, and denies that said statutes are designed to authorize, or do authorize the taking of a street in the midst of a populous city, where buildings have been erected on each side of the street, and where the use of the street for such purposes must necessarily be a nuisance. And this plaintiff further states, that by the act incorporating said city, approved February 20th, 1852, the common council

are empowered and authorized to prohibit the incumbering and obstructing of any and all streets and sidewalks within the limits of said city, and that said common council did, on the 16th day of March, A. D., 1857, pass an ordinance prohibiting the construction of railroads, and the running of railroad cars along and upon the streets and public grounds of said city, except in such places as might be permitted and licensed for the purpose by said common council, and that said Milwaukee & Beloit Railroad Company have neither asked nor obtained a license for constructing their road across or along any street within the limits of said city, and that their proceedings, as herein set forth, are in violation, in this respect, of the laws and ordinances of said city. And this plaintiff further says, that by running locomotive engines through said streets and public grounds, the buildings on each side, being of wood, would be greatly exposed to take fire from sparks, and the smoke would interfere with the comfort of those occupying such buildings, and would, together with other causes arising from the construction of said Railroad over said street and public grounds, practically destroy the value of such buildings and the lots on which they are situated.

And this plaintiff further states, that from the grade of said street and public ground, and the nature of the uses to which it is and will be applied, it is impossible for said Company to locate and construct their track over the same, and still comply with the conditions prescribed by said statutes, under which said pretended claim of right is set up by them, and that by the act of the Legislature, under which said Railroad Company is incorporated, said Company have no right to construct their said road within the limits of said city, as said act only provides that said Company may construct such road from the city of Milwaukee to Beloit. This plaintiff further says, that to employ the police force of said city, to remove and

arrest the said employees of said Company, so engaged in working in said street and public grounds, would endanger the public peace, and might lead to bloodshed, and that the injury which would be done to said street and public grounds, if said Company should actually construct and run its road over the same, as aforesaid, would be great and irreparable, for which this plaintiff could receive no adequate compensation in damages, and that said Company in endeavoring so to construct their said Road, have exceeded the powers conferred upon them by their charter and abused their corporate franchises.

In consideration whereof, &c., praying an injunction, &c.

A preliminary injunction was allowed by the court commissioner. The defendant, the railroad company, answered, and upon said answer moved to dissolve the injunction. The answer is substantially as follows:

That they admit that on or about the tenth day of December, 1856, they located the line of their railroad upon and along Mineral street, from Clinton to Geddings street, and across the public square in Walker's Point addition in the city of Milwaukee, and that at the time of the commencement of this action they were preparing and intending to commence and complete the laying of the track of their road upon and along said street and public square.

And the defendants say, that by an act of the Legislature approved March 29th, 1855, and by an act amendatory thereof approved October 2d, 1856, they were authorized and empowered to locate, construct, use and enjoy a line of railroad from the city of Milwaukee to the city of Beloit, and that under and by virtue of said acts, they have entered upon and commenced in good faith the construction of said railroad and have located the same from the Milwaukee river, in the 5th ward of said city, to the village of Delavan; that, in locating the eastern portion of said line, they found it impractica-

90      WISCONSIN REPORTS.

City of Milwaukee vs. Milwaukee and Beloit Railroad Co. et al.

ble to bring their track into said city and to a desirable business point on said river, upon any reasonable grade, without touching and intersecting said Mineral street; that, by an act of the Legislature, approved March 17th, 1853, it is provided that any railroad company in this State shall have power and they are thereby authorized, to erect and construct their road or roads along, upon, or across any stream of water, highway, street or canal, which the railroad of any company, being constructed or to be constructed, may touch or intersect; subject to the requirement that every such stream of water, highway, street or canal shall be finally restored to its former usefulness; and the defendants aver and insist that under and by virtue of the provisions of the said several acts, and of resolutions duly adopted by them, for that purpose, they have located the line of their railroad upon and along said Mineral street and said public square. as set forth in said complaint; and that they have full right and lawful authority so to do.

The defendants further answering state, that in pursuance of the said act of 2d October, 1856, they made due application to the Hon. Alexander W. Randall, Judge of the Circuit Court in and for the county of Milwaukee, for the appointment of three commissioners to make appraisement and award of the value of all lands being the private property of any person, which might be taken, used or occupied by the defendants under their charter; and thereupon the said judge, by his precept or commission, dated on the 16th day of February, 1857, and which is filed in the office of the clerk of this court, did appoint Jared Thompson, Seymour Brooks, and Albert Alden such commissioners; and these defendants say, that said commissioners, ever since their appointment as aforesaid, have been ready and willing, at all times, on the application of the said plaintiff, or of any other person whose land may have been taken or occupied by the defendants, as stated in said complaint, to make appraisement and award of

City of Milwaukee vs. Milwaukee and Beloit Railroad Co. et al.

the value of any and all such lands agreeably to law; and the defendants insist that if any of the lands so taken as stated in said complaint, are the private property of the plaintiff, they have been taken in strict conformity to the acts aforesaid, and the defendants are not required to cause the same to be appraised, or to pay or tender to the owner the value thereof as a condition precedent to their right to use and occupy the same for the construction of their railroad. But these defendants deny that the lands so taken and occupied by them in said Mineral street, are the private property of the plaintiff in this action, or of any other person, for the taking of which the defendants are bound to make just compensation under the acts aforesaid or under the constitution of the State; on the contrary, they are advised and believe, and therefore insist herein, that the said Mineral street is a public street and highway in which all the people of the State have a public and common easement; that the paramount ownership and control of the same is vested in the State; and that the mode and manner of using and enjoying, of working, changing and improving said street are the subjects of legislative direction and control, and may be, from time to time, and at all times, regulated by law, and that the acts complained of in the said complaint and the rights which the defendants are exercising in and upon a portion of said street under the aforesaid laws of the State, are not inconsistent with or an infringement upon the rights of the plaintiff in and to or over said street, but are in strict conformity to law, and are such rights as the defendants may and ought to have and enjoy without the hinderance or interference of the plaintiff.

The defendants further answering, admit that all that portion of their railroad which is located in said Mineral street, and upon or through said public square, is within the corporate limits of the city of Milwaukee; and that there are various dwelling houses and other buildings of more or less value

standing and being upon lots bordering upon said street, but they have no particular knowledge and can express no opinion as to the number and value thereof, and they deny, upon information and belief, that the use of their track on said street for ordinary railroad purposes and the running of locomotive engines thereon, will materially endanger the said buildings by fire, or will materially interfere with the safety or comfort of those occupying such buildings, or will destroy the usefulness and value of such buildings and the lots on which they are situated. The defendants in fact insist that the use and occupation of said street for the purpose of laying a railroad track therein is the lawful and proper appropriation of a part of said street to the legitimate purposes of a highway; and that by authorizing such use thereof the Legislature but regulates the mode and means of using and enjoying the public easement therein, and does not in any manner appropriate, dispose of, or interfere with the ultimate rights of the owners of the fee of the land in said street, or the rights of the owner of lots bounded thereon, all of which rights are subject to the public easement in said street.

The said defendants further answering, admit that the city of Milwaukee, in pursuance of lawful authority, has established the grade of the said Mineral street, but whether the same has been or is leveled and reduced to the established grade, these defendants are not informed, and cannot answer upon belief or otherwise. But they deny that it is necessary in the construction of the railroad upon and along the same, to change or alter the grade of said street in any material respect, as the same has been fixed and established by said city, and they deny all and any purpose or intention to change or alter the said grade in any material respect by the location and construction therein of their said railroad; on the contrary, they aver and state, that their design and intention is to conform the grade of their said railroad substantially to the

grade of said street as established by said city, and finally, and as soon as practicable, to restore said street and every part thereof, in all respects, to its former usefulness for all the purposes of a public street and common highway.

On the hearing the motion to dissolve, the injunction was overruled, and the defendant appealed.

*Levi Hubbell*, for the Appellant.

All that part of the plaintiff's complaint which charges that the acts of the defendants will be injurious to the owners of lots, bounded on Mineral street, is unauthorized.

1st. Because the City has no right to prosecute an action to prevent injuries to private property.

2d. Because the City has no right to prosecute an action to prevent a public nuisance, unless it shows some injury to itself, distinct from the public injury. *Bigelow vs. the Hartford Bridge Co.*, 14, Conn., 565 ; *O'Brien vs. the Norwich & Wor. R. R. Co.*, 17 do., 372 ; *Att'y Gen'l vs. Utica Ins. Co.*, 2, John. Ch., Rep. 378, 81 ; *Att'y Gen'l vs. Cleaver*, 18 Vesey, 211, 18.

So far as *Mineral street* is concerned:

1st. The Mil. and Beloit R. R. Co., by their charter, (session laws of Wis. 1855, page 362, 71,) are authorized and empowered to locate, construct and use a line of Railroad from the City of Milwaukee to the City of Beloit. The answer shows that in pursuance of this act, they have located their Road and commenced its construction, from the Milwaukee River, in the 5th ward of the City of Milwaukee, to the Village of Delevan.

2d. By an act approved March 17, 1853, (session laws of 1853, pages 36 and 37,) this company were authorized and empowered to locate, construct and use their Railroad track upon and along Mineral street, subject only to the require-

ment that such street should be " finally restored to its former usefulness."

The answer shows that they were not impairing or proposing to impair the usefulness of the street, as a public highway. *Newburyport T. P. Co. vs. East. R. R. Co.*, 23, Pick., 326; *White River R. R. Co. vs. Vt. Cen. R. R. Co.*, 1 American R. R. Ca. 237; *Newburyport T. Co. vs. Eastern R. R. Co.*, Idem. 295; 6, John. Ch. Rep. 439, *Hamilton vs. N. Y. & H. R. R, Co.*, 9 Paige, 170.

The Legislature had full and absolute power to authorize such use and occupation of the street.   23 Pick., 326, as cited above; *White River R. R. Co. vs. Vt. Cen. R. R. Co.*, 1 Am. R. R., Ca. 238, Id. 352, Id. 295; *Phil. & Tren R. R. Co.*, 2 Am. R. R., Ca. 289, 91, Id. 83.

Mineral street is not the private property of any person, except subject to the public easement therein.   *Case of Phil. & T. R. R. Co.*, 2 Am. R. R., Ca. 291, Id. 579, 80; *Corey vs. Buf., Cor. & N. Y. R. R. Co.*, 23 Barb. 487, 90; (A case directly in point); *Kimball vs. City of Kenosha*, 4 Wis. 321.

The City of Milwaukee, deriving all its power to regulate and control this street from its charter, and deriving its charter from the Legislature, holds all its rights and powers, subordinate to the Legislature.   The Legislature may repeal, modify or abrogate the charter, and may discontinue or alter the street.   Its power in respect to the public easement in the street, is paramount and sovereign.   Case of Phil. and T. R. R. Co., 2 Am. R. R. Cases, 289, 91; *Inhabitants of Springfield vs. Con. R. R. Co.*, 1 Id. 579.

The right to cross a street or highway, involves the same principle, and every Railroad Company in the United States has this power granted expressly by the Legislature.

The act March 17, 1853, does not "contravene any provision" contained in the city charter.   (See section 23 of charter, chapter 10.)

The powers granted to the City, by its charter, in respect to streets, are special and limited.

1st. By sec. 1, chap. 6, power is granted to *lay out* public grounds, *streets*, etc.

2d. By sub. 6, sec. 3, chap. 4, " to prevent the *encumbering* of streets, etc.

3d. By chap. 7, the alderman of each ward are made " *Street* Commissioneis;" and by sec. 3, may order and contract for the making, grading, repairing and cleansing of streets, etc.

The laying down of a Railroad track in Mineral street, will not " encumber" the street. 1 Am. R. R. Ca. 295, 6.

The acts of the Railroad Company complained of, being in conformity to law, are not *torts*, and courts will not restrain them, unless the law is clearly *unconstitutional.* 31 Maine Rep. 172, 1 Am. R. R. Ca. 152, 3, 4; 3 Wharton 502, 2 Am. R. R. Ca. 218, 19; 1 Baldwin's C. C. Rep. 230; 19 Barbour S. C. Rep. 377, 379, 18, Id. 222; *Champlin vs. the Mayor of N. Y.*, 3 Paige, 573; *Mason vs. Ken. & Port. R. R. Co.*, 1 Am. R. R. Ca. 162 and notes; 4 Com. 205, 8 Dana. 308, 22 Barbour 450, etc. (Argument of O'Connor.)

In respect to the " public square :"

1st. If, as is alleged in the complaint, the fee of the public square is vested in the city, the company may be required to effect a purchase from the city, or to have the value of the land taken, and the damages appraised under the charter. If the court shall be of this opinion, we desire its decision on the point for the guidance of the company in its future action.

2d. It is denied that the city is the owner of the land embraced in the " public square," except for the use and benefit of the public for the purposes intended by the donor, and so far as to exclude any private right or claim of the donor. (Stat. of '39, p. 160, sec. 5. Stat. of '50, p. 258, sec. 5.)

If the construction of the Railroad will impair its useful-

ness for the purposes intended, it is admitted that there must be a purchase or appraisement.

But the right to enter upon and take the land is given by the charter. (Sec. 11, 13 and 14.) *Inhabitants of Springfield vs. Conn. Riv. R. R. Co.*, 1 Am. R. R., Ca. 578, 9 ; *Boston, Wa. P. Co. vs. B. & W. R. R. Co.*, Id. 324, 31 ; *Commonwealth vs. Boston & M. R. R. Co.*, Id. 496, 7 ; *White River T. P. Co. vs. Vt. Cen. R. R. Co.*, Id. 237.

By its charter, the company were authorized to locate within the limits of the City. " To" means *into*. *Mohawk Br. Co. vs. U. and S. R. R. Co.*, 2 Am. R. R. Ca. 574 ; *Peavy vs. the Calais R. R. Co.*, 1 Id. 149.

The case made by the plaintiff is that of a public nuisance, and no special damage being shown, the action cannot be maintained. *City of Georgetown vs. Alexandria Can. Co.* 12 Peters 98, 9 ; 14 Conn. Rep. 565 ; 17 Conn. 372 ; 22 Barb. 447, 449.

Courts will not interfere preliminarily by injunction, to arrest public works. *Deering vs. the York and C. R. R. Co.*, 1 Am. R. R. Ca. 152, 3 ; *Bruce vs. Del. Hud. Ca. Co.*, 79 Barb. 376, 79.

*Brown & Ogden, and E. Foote*, for the Respondent.

The appellant claims the right to take, grade and use the street and public square, without the consent either of the city or of the lot owners on the street, by virtue of an act of the legislature, to be found in the session laws of 1853, on pages 37 and 38.

By the dedication of the ground by the original owners, for the purposes of a street and public square, the city did not acquire an absolute title, but acquired the fee in trust for the purposes of the dedication, to wit: first, to use as a public street and square ; and, secondly, to hold for the benefit of the persons making the dedication, and their grantees of lots.

City of Milwaukee vs. Milwaukee and Beloit Railroad Co. et al.

Statutes of 1839, p. 160; *Kimball vs. The City of Kenosha*, 4 Wis., 321; *Goodall vs. City of Milwaukee*, 5 Wis., 41.

A city, or town, as for its existence merely, is for the purpose of aiding the political action of government, and is entirely a creature of legislative power; but if the legislature choose to give it a wider sphere, and to any extent a different character, there may arise such individual or local rights as will interfere with their (the legislature's) absolute power.

The owner of a tract of land, who divides it into lots, and lays out streets and public squares, dedicates such streets and squares to public use, not for the general advantage of the State, but for the particular advantage of lot holders on his plat; and, whatever plausibility there might be in asserting the absolute power of the legislature over streets purchased with public funds, there seems no ground for such assertion, where the street is such only from private dedication. *Williamson vs. New York Central R. R.*; Law Reporter of Dec., 1857, p. 449; *Inhabitants of Springfield vs. Conn. River R. R. Co.*, 4 Cush., 63.

The streets of a city, even when not such from dedication, but from the exercise of the right of eminent domain, are not absolutely the property of the State. They are laid out for local purposes, they are paid for by local taxation; and, in this State, where the constitution declares that the [rule of taxation shall be uniform, if streets should be declared to be the property of the State, (without this merely local character,) in the same manner as is the State House, &c., a tax imposed upon one locality alone to pay for them would necessarily be void. Revised Statutes, p. 32; *Bowdoinham vs. Richmond*, 6 Greenleaf, 112; 2 Fairfield, 118; *Lowry vs. Franci*, 1st Yerger, 534.

If the act in question is unconstitutional, either as violating the private rights of the lot owners, or the local rights of the corporation, this action is well brought in the name of the

city, both under the general chancery practice and the express provisions of the code. Code § 17 ; 4 Cushing, 63, above cited.

And the charter expressly vests the control over the streets, as such, and their preservation for those purposes in the city government. This is not a case in which either the legislature or the common council have surrendered the trust arising from the dedication, or in which the land taken has ceased to be a street, so as to re-vest in the lot owners their entire original title.

In their answer, the appellants claim not only that they are entitled to the street without any compensation paid, but also that commissioners have been appointed under the amendment to the charter of 1856, to whom the city, and lot owners might have applied, &c. The force of that allegation is destroyed by the decision of this court—Ist, that compensation is a condition precedent ; 2d, that the amendment of 1856 is void. *Shepardson vs. the Milwaukee & Beloit R. R. Company.*

The act of 1853 conferred the power only upon railroad companies *then* existing : it did not apply to *future* companies.

The charter of the appellant was passed in 1855, and all its rights and powers were then defined. We deny that, by referring back to the law of 1853, the company can acquire any other or greater rights than those conferred by its charter.

The law does not contemplate the use of a street or road, for its entire length, for the purposes of a railroad. Its design is, to provide for a case where a railroad touches upon or crosses a public highway, and consequently does not confer the power which the appellants have attempted to exercise in this instance.

*By the Court*, WHITON, C. J. We shall not discuss many of the points argued by the counsel of the parties in this

City of Milwaukee vs. Milwaukee and Beloit Railroad Co. et al.

case; because in our opinion the city of Milwaukee, in its corporate capacity, has not such an interest or property in the street and public square across, and along which, the railroad company are building their road, as to authorize it to maintain this action. In the case of *Kimball vs. the City of Kenosha* (4 Wis., R. 321.) we held that the lot owners, where lots are bounded by a public street, owned the soil to the centre of the street. This seems to be decisive of the fact that the city has strictly and properly no property in the land occupied by the street. It is true that the complainant alleges that the "fee of said street and public square is vested in said city by dedication from the owners of the land;" but this allegation in the complaint is denied in the answer, so far as it relates to this street in question.

We do not see how it can be possible for the city to become the owner of the fee by dedication. Land may be dedicated to public use, and the public may by the dedication acquire a right to the use; but we are not aware that the fee of land can be vested in any one by that act. *Gardner vs. Tisdale et al.,* (2 Wis. R. 195.) We must therefore reverse the order of the circuit court, and remand the case for further proceedings, according to law.