## SULLIVAN v. OTIS.

**Practice in the Supreme Court:** VERDICT. The Supreme Court will set aside a verdict which is in conflict with the evidence and instructions of the court, although neither party objected or excepted to the latter, without determining the question of their correctness.

*Appeal from Delaware Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS is an action of replevin for three cows of the value of thirty dollars each, and two calves of the value of ten dollars each. The plaintiff claims to be the absolute owner, and that she acquired title by purchase from her husband, by bill of

sale of date October 26, 1872, filed for record Nov. 23, 1872, and that her notice of ownership was filed May 23, 1873. The defendant, for answer, avers that he was deputy sheriff, and seized the property under execution against Con. Sullivan, the plaintiff's husband, as his property, and that it was liable to seizure and sale as such; that said property was in the husband's possession, and the conveyance to plaintiff was made to defraud creditors. Trial to a jury. Verdict and judgment for plaintiff. The defendant appeals.

*M. W. Herrick* and *Blair & Peters*, for appellant.

*S. G. Van Anda*, for appellee.

COLE, J.—The court, on its own motion, gave to the jury the following, among other instructions: 7. The law provides that the property of the wife left in the possession of the husband and under his control, becomes liable for the debts of the husband. 8. If, then, you find that the property was left under the control of the husband, and the debts were contracted before any notice, either by bill of sale or notice filed, it would be liable for the debts, and she must fail in the action. 9. If the husband and wife were living together, and the husband had the care, custody and control of the property, or it was in the joint possession of both, the property is liable, except as to the calves, and you will find for her the value of the calves, as shown, and interest." To these instructions neither party objected or excepted, and no question respecting their correctness is here made, nor do we pass upon their correctness.

The evidence shows, without conflict, that the plaintiff and her husband, with their family, resided together and he worked on the farm, where the cows and calves were kept the last three or four years, and where the debts upon which the executions were issued were contracted, which was in 1871; and during that time the husband was only absent from home once, and then he was in Kansas working on a railroad from September to the following February. When the debts were contracted, which was in June, 1871, he was working on the

farm. This was while they were living together on the farm and had possession of the property in controversy, and long before any bill of sale or notice of ownership was made or recorded.

The verdict of the jury was directly contrary to this evidence and the ninth instruction, and for this reason, to say nothing of the question of actual fraud, it should have been set aside, and a new trial granted.

REVERSED.