## MYERS v. FEAR *et al.*

No. 2042, Okla. T.    Opinion Filed June 24, 1908.

(96 Pac. 642.)

1.    **LANDLORD AND TENANT—Rights of Tenant—Fraudulent Representations—Set-Off.** A lessee upon discovering fraudulent representations by the lessor of a material fact is not compelled to give up the premises and rescind the lease, but may offset any damage caused by the misrepresentation against the rent upon suit being brought for its recovery.

2.    **NEW TRIAL—Disregard of Instructions.** When the court properly instructs the jury as to the measure of damages and they bring in a verdict contrary to such instructions, the verdict should be set aside, and a new trial granted.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Trial Judge.*

Action by D. L. Myers against G. W. Fear and J. N. Fear. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*H. R. Winn,* for plaintiff in error.
*G. A. Paul* and *M. Fulton,* for defendants in error.

KANE, J.    This was a suit brought by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, upon two promissory notes, and to foreclose a chattel mortgage given to secure their payment. The notes were given for rent of about 137 acres of land situated on the south side of the Canadian river, in the county of Oklahoma.

The answer of the defendants admits the execution of the lease, notes, and chattel mortgage, but alleges several defenses by way of set-off or counterclaim. The two defenses the defendants entirely rely on are stated by counsel in his brief as follows:

"First. The plaintiff by positive statements and declarations made to defendants assured them, told them, that the farm was not subject to overflow, and so induced defendants to execute the notes and sign the lease. The plaintiff well knew at the time that the farm was subject to overflow, also knew that defendants were strangers in the country, and were ignorant as to the actual conditions, and knew that the defendants were relying on his statements as to conditions. The plaintiff made the false statements with intent to deceive, mislead, and defraud defendants. Second. After the defendants had moved on the place, as had been understood and agreed upon between plaintiff and defendants at the time of making the lease and notes sued on, the plaintiff employed defendants to build the dam and plow the ditch heretofore mentioned. The defendants objected to this, not being certain from want of knowledge of the country as to what the result might be, but plaintiff proceeded with the work, promising defendants to build a bridge across the ditch to allow defendants to cross and recross should occasion demand it. That, when the high water came that washed out the dam and cut the new channel for the river and changed its course, as before stated, then the plaintiff refused to fix a crossing or build a bridge over this cut-off or new channel. Defendants were compelled to wade the river, and swim their stock and procure and cross in a boat to get to and from the farming lands and the pasture; at many times were kept out of the fields and from work in crops, the amount of water running in this new channel making it dangerous to attempt to cross over. The result was that defendants could not cultivate the lands that were not under water. In consequence no crops could be or were raised for want of cultivation on the lands that were not in the overflow, by which means they were damaged to an amount equal to the amount of the notes sued on."

To the answer of the defendants the plaintiff filed a reply, and on the issues thus joined the cause was tried to a jury, who

returned a general verdict for the defendants, upon which verdict a judgment for costs was rendered by the court against the plaintiff. From this judgment the plaintiff appealed to the Supreme Court of the territory of Oklahoma, and the case was transferred to this court under the terms of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 257) and Schedule to the Constitution.

We are convinced that the second statement of facts, as detailed by counsel, is not sufficient to constitute a defense to plaintiff's action for rent, and that it was error to permit evidence to sustain this paragraph of defendants' answer to go to the jury, and to refuse to set aside a verdict obviously based on such evidence. The lease under which the defendants were holding gave them absolute control over the premises, and the work the defendants did upon the land was presumably for their own benefit, and the fact that it may have turned out to their disadvantage would not make the plaintiff liable for the injury, or constitute a proper set-off to the suit for rent. These facts constituted no part of the alleged misrepresentations that induced the defendants to execute the lease, and were not a proper defense against the covenants to pay rent contained therein.

The court below submitted the case to the jury upon the following instruction:

"Gentlemen of the jury, in this case the court instructs you as follows: This is an action commenced by the plaintiff against the defendants to recover on certain promissory notes, evidenced by a certain chattel mortgage which has been read here, executed and delivered by the defendants to the plaintiff in payment of certain rents for certain lands, the price of which was agreed on between the plaintiff and defendants. To the petition in this case the defendants have filed an answer which is a general denial, and then allege that the plaintiff obtained the notes and mortgages through false representations made by the plaintiff to the defendants, in that the land leased by the plaintiff to the defendants was subject to overflow and that the plaintiff represented to the defendants that it was not subject to overflow, except as to four or five acres. The burden is upon the plaintiff in the first instance to establish his right to recover by a preponderance

of the evidence and by a preponderance of the evidence is meant that evidence which, in the light of all the facts and circumstances appearing upon the trial, is entitled to the more weight and credit. On the other hand, gentlemen, as to the question of misrepresentation by the plaintiff to the defendants, the burden is upon the defendants to establish that, prior to the entering into the contract or lease the plaintiff made false representations as contended by the defendants and the burden is upon the defendants to establish this fact by a clear preponderance of the evidence. If, however, you find that the defendants have established, by a preponderance of the evidence, that the plaintiff represented to them, before they leased the land in question, that it was not subject to overflow, except three or four acres, when in truth and in fact a large portion of it was subject to overflow, then the defendants would be entitled to an offset to the amount of the damages which they actually sustained by reason of such overflow, if you further find that had it not been for such false representations they would not have entered into the contract of lease."

A lessee, after accepting a lease and entering into possession of the premises, upon discovering a fraudulent representation by the lessor of a material fact, is not compelled to give up the premises and rescind the lease, but he may bring an action against the lessor for deceit; there being nothing in the relation of landlord and tenant, or in the rules of law which control that relation, to preclude him from so doing. Aside from the common-law rule, which bound parties who solemnly contracted by deed to the presumption of full consideration, there would seem to be no reason why a reduction of damages for partial failure of consideration or recoupment should not be allowed. And where, by statute, a seal is no longer of its former conclusive force, a suit on a contract for rent, like ordinary parol agreements, should be subject to that course of defense, as it avoids circuity of action. Jones on Landlord and Tenant, § 674; *Dennison v. Grove,* 52 N. J. Law, 144, 19 Atl. 186; *Lord v. Brookfield,* 37 N. J. Law, 552. But the jury went beyond the instructions of the court, and must have taken into consideration other elements of injury than those embraced therein in arriving at their verdict, as the amount

of recovery they found in favor of the defendants was in excess of any amount which could possibly be based or predicated upon damages caused by the false representations of the plaintiff.    While the jury failed to state in their verdict the amount of damage they found for the defendants, yet it in effect amounts to a recovery in their favor in the sum of $457, as that was the amount due the plaintiff on the promissory notes sued on.    There is no evidence to support a verdict for anything like this sum upon any theory of the case consistent with the instructions of the court.    It is a well-settled rule that, when the verdict of the jury is contrary to the instructions of the court, it should be set aside. *Farley v. Budd,* 14 Iowa, 289; *Sullivan v. Otis,* 39 Iowa, 328; *Morss v. Johnson,* 38 Iowa, 430; *Hayward v. Ormsbee,* 7 Wis. 99; *Dent v. Bryce,* 16 S. C. 14; *Thompson v. Lee,* 19 S. C. 489; *Emerson v. Santa Clara County,* 40 Cal. 543; *Howard Express Co. v. Wile,* 64 Pa. St. 201.    It is also held that where a court lays down the proper rule for measurement of damages, which instruction is disregarded by the jury, a new trial will be granted. *Hoffman v. Bosch,* 18 Nev. 360, 4 Pac. 703.

Upon a careful review of the evidence, we are convinced that the amount of recovery fixed by the verdict of the jury cannot be justified upon any hypothesis established by the evidence introduced upon the correct theory of the case.    Under such circumstances, the verdict ought to be set aside. *St. Louis Brewing Co. v. Bodemann,* 12 Mo. App. 573; *Roeder v. Studt,* 12 Mo. App. 566; *Todd v. Boone County,* 8 Mo. 431; *Ellsworth v. Central R. R. Co.,* 34 N. J. Law, 93.

The judgment of the court below is reversed and remanded, with instructions to grant a new trial.

All the Justices concur.