CAPITOL STEEL & IRON CO. v. PICKERAL.

No. 33677.  Jan. 9, 1951.

*226 P. 2d 397.*

Embry & Sutton, Chandler, and Cheek, Cheek & Cheek, Oklahoma City, for plaintiff in error.

Wm. A. Vassar, Chandler, and Schwoerke & Schwoerke and James R. Eagleton, Oklahoma City, for defendant in error.

ARNOLD, V. C. J. The plaintiff, mother and next of kin, brought this suit for damages to her by reason of the death of her minor son. She alleged and proved that no administrator had been appointed and that her son was born on December 25, 1925; she alleged that the defendant was guilty of specific acts of negligence; that she had become obligated to pay funeral expenses in a designated amount; that her decedent suffered pain before his death; that he lived with her, was regularly employed, and contributed $50 per month to her support; that he died from the injuries sustained on November 21st, on November 22, 1946.

Motions to strike the allegations from her petition with reference to funeral bills and pain and suffering were overruled.

Proof was made on trial in general conformity with the allegations of the petition. The proof of funeral expenses and pain and suffering was objected to and exceptions were saved to the adverse ruling of the trial court. In its statement of the issues to the jury, the court told the jury that plaintiff claimed as a part of her damages the funeral expenses which she had become obligated to pay and for pain and suffering, and in this connection told the jury that it could not award her for all damages claimed more than $18,000, the aggregate sum sued for.

Defendant requested the court to give specific instructions to the jury that she could not recover for funeral expenses and pain and suffering. The proffered instructions on these items were refused but the court told the jury that:

"The measure of damages, if any, in this case is the loss of services of her minor child. The damage to the parent is limited to such as will compensate her for the loss of the child's services to the time of his majority, and the jury may consider that with age, growth and experience, the value of the child's services would increase . . . ."

This is the only instruction on the measure of damages and limits the recovery to loss of services during minority. The instruction by limiting the recovery to loss of services eliminated recovery for funeral expenses and pain and suffering. The instruction was not objected to by either party and no complaint is now made of said instruction.

Counsel for plaintiff in his argument to the jury laid stress on the proof

38

of funeral expenses and pain and suffering.

While proof was made that decedent was regularly employed, the record does not disclose what decedent's earnings were or might be. However, it is shown that plaintiff's deceased son contributed $50 per month regularly to her support. The decedent would have attained his· majority on December 25, 1946, approximately one month following his death. Obviously the amount of the verdict and judgment of the court, $5,636, under the instructions and proof is very excessive. The jury went beyond the instructions of the court and must have taken into consideration other elements of injury than those embraced therein in arriving at the verdict as the amount of the recovery was far in excess of that which possibly could be based or predicated upon loss of services during minority. Myers v. Fear et al., 21 Okla. 498, 96 P. 642, 29 Am. St. Rep. 795.

Cause reversed and remanded for new trial.

DAVISON, C.J., and WELCH, LUTTRELL, HALLEY, JOHNSON, and O'-NEAL, JJ., concur. CORN, J., dissents.