Alfred Herrick & al. *versus* William Moore & al.

The location of a road is an incumbrance for which the grantor of the land over which the road is located, is liable upon the covenants in his deed.

If after the conveyance there be a discontinuance of part of the road, and a new location, the claim of the grantee for damages upon the covenants of his deed will be limited to the remaining portion of the road.

The grantee can claim no damages for so much as is discontinued, the incumbrance being removed without expense to him.

The owner of the land over which the new location is made is entitled to compensation from the public for this incumbrance, notwithstanding the discontinuance of the original road over his land.

This was an action of covenant broken, and was submitted by the parties to the decision of the Court upon the following agreed statement of facts.

Prior to the date of the defendant's deed, upon the covenants of which the action is brought, a county road had been established through the land conveyed, but not opened.

Subsequently to the execution of said deed, and before action brought, an alteration of the same was established, and the road as altered, opened, over the same land, so much of the first location thus rendered unnecessary for public use being discontinued.

Previously to the alteration, eighty dollars damages were

awarded and paid to the defendant, for the first location. That sum was paid after the execution of the defendant's deed.

No damages were awarded the plaintiff for the alteration, nor was there any proof that he ever made application for damages to the county commissioners.

The road, according to the first location, was crossed by the alteration in one place, at an angle of about ten degrees. The two locations interfered in no other place upon the land conveyed, though after passing the land they coincided, forming the same road.

1. If the Court shall be of opinion that the *incumbrance* (if any) complained of, *was removed* by the discontinuance of the road as first located, the plaintiffs are to become nonsuit.

2. If the Court shall be of opinion that the incumbrance (if any) was removed by the discontinuance aforesaid, excepting as to that part of the land conveyed, occupied by both locations in common, judgment is to be rendered for twelve dollars and fifty-two cents.

3. If the Court shall be of opinion that the incumbrance, (if any,) was removed as to no part of the first location by the said discontinuance, judgment was to be rendered for the plaintiffs, for eighty dollars.

*McCobb*, for the defendants. The location of a road is not an incumbrance. *Whitbeck* v. *Cook*, 15 Johns. 483 ; 14 Viner, 352, Incumbrance ; 2 Rolle, 287 ; *Ellis* v. *Welch*, 6 Mass. R. 246. The authority of *Kellog* v. *Ingersol*, 2 Mass. R. 97, has been doubted and is opposed by the cases cited. The road laid out may never be made—the rights of the public may never be exerted —and if not, no damages have arisen.

2. The incumbrance was removed by the alteration of the road, after the date of the plaintiff's deed. There is no incumbrance unless the road as originally located and as altered are identical. *Com.* v. *Cambridge*, 7 Mass. R. 158 ; *Com.* v. *Westborough*, 3 Mass. R. 406. If Herrick had applied for damages for the alteration, he would have been entitled to them. Herrick did not apply and Moor was paid. If Moor has received money not belonging to him, it is a matter between

him and the county. When land is taken for public uses it is paid for in money. *Com.* v. *Peters*, 2 Mass. R. 125. When discontinued, it reverts to the original owner. The public buy an easement and cannot compel the owner to repurchase it, if they discontinue it. *Westbrook* v. *North*, 2 Greenl. 179. It would have been no answer to a claim by Herrick for damages, that the part discontinued reverted to him.

3. The road was discontinued so far as the course of the road was changed. *Com.* v. *Cambridge*, 7 Mass. R. 158; *Com.* v. *Peters*, 2 Mass. R. 125; *Com.* v. *Western*, 1 Pick. 136.

*Vose & Lancaster*, for the plaintiffs. The road when laid was an incumbrance. It existed before the plaintiffs' title accrued. The right to claim damages cannot be taken away by subsequent proceedings. When the defendant gave the deed, the rights of the parties were fixed. *Harrington* v. *Berkshire*, 22 Pick. 263.

The opinion of the Court was delivered by

SHEPLEY J. — It was the established law of the State of Massachussetts, while this State composed a part of it, that every existing right to, or interest in land granted, that deminished the value and was consistent with the passing of the fee, was an incumbrance. *Prescott* v. *Freeman*, 4 Mass. R. 627. The plaintiffs had no opportunity by an examination of the land to learn, that a county road had been legally laid out through it. It was not opened, and yet they might be subjected not only to the loss of land, which they supposed they had purchased, but to unexpected expenses in fencing it. The case forcibly illustrates the justice of the decision, which regarded a highway as an incumbrance. After the conveyance and before the suit, the county commissioners made an alteration and directed, that " so much of said road as shall be rendered unnecessary for public use by said alterations be discontinued." This had the effect to discontinue all the road over the land of the plaintiffs' as first located, except so much of it as continued to be a part of the road after the alteration ;

and this was only the small part, where the road last laid out crossed the former one.

It was the existence of the public easement, which constituted the incumbrance at the time of the conveyance; and before the suit the public ceased to have any such easement; and the incumbrance consequently ceased to exist as to all that part, which was discontinued. According to the second position in the agreed statement the plaintiffs can recover only $12,50 and interest thereon; being the damages as agreed upon as compensation for the existing incumbrance.

It is said, that the word incumbrance, as there used, should be construed to mean the same as right of action. If such a construction were admissible, it could have very little influence upon the result; for the plaintiffs could recover nothing more than nominal damages for a breach of covenant by an incumbrance no longer existing and not removed at their expense. And it cannot be considered as so removed, for they had a legal right to compensation for their land taken for the road as altered. And if they fail to obtain damages for such new incumbrance since the conveyance, it must be occasioned by their neglect to apply in season or to take the proper measures to enforce their rights.

*Judgment for plaintiffs.*