HAYNES *versus* YOUNG.

A public road is an easement, the existence of which over a part of a lot of land conveyed by deed, with covenants of warranty, is a breach of those covenants.

In the construction of deeds, *monuments* control courses and distances.

And when a *line* is described as a monument, the course and distance given, must yield to the line.

A *definite* boundary by monuments, courses and distances will limit the *generality* of a term previously used in the deed.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding. COVENANT BROKEN.

The deed of defendant was dated November 16, 1840, containing the usual covenants of warranty. The description was "being lot in fifteen hundred acre tract (so called) No. 170, according to the survey and plan of Andrew Strong and Robert Houston, containing fifty-six acres and 135 rods, and being bounded and described as follows; viz., beginning at a stake and stones at the south-east angle of Benjamin Warren's land; thence north by said Warren's land 107 rods to a stake and stones; thence east by Richard Smart's land, 85 rods to a stake and stones; thence south by Benjamin Tripp's land, 107 rods to a stake and stones; thence westerly to the highway 85 rods, to the place begun at."

An office copy of a deed of warranty was also put into the case by plaintiff, from Simeon Haynes to Benjamin Warren, dated and recorded in 1811, of three acres out of the south-west corner of lot 170.

The plaintiff also introduced evidence of a public road over a portion of lot 170, for more than 30 years, and of the damages, both as to the road and the value of the three acres formerly sold to Warren, and that the plaintiff never lived in the vicinity of the land.

The sketch attached will show more distinctly, the nature of the plaintiff's complaints, by the road across lot 170, and the three acres sold to Benjamin Warren.

Haynes *v.* Young.

N.

Smart's Land.

88 rods 6 links.

LOT No. 170,

| Containing | 60 acres and | 31 rods. |
|---|---|---|
| Deduct | 3 | 00 |
| | 57 | 31 |

W.

E.

Benjamin Warren's Land.

107 rods.

R O A D.

3 acres conveyed by deed to Benj. Warren by Simeon Haynes, in 1811, and recorded.

109 1-2 rods.

90 rods 20 links.

R O A D.

S.

Before Warren bought the three acres, he owned the land adjoining lot 170 on the west.

. It was stipulated that the Court might draw such inferences of fact as a jury and should enter judgment by nonsuit or default, according to the legal rights of the parties, and if a default should be ordered, the damages should be assessed by the Judge who presided at the trial.

*C. P. Brown*, for plaintiff.

The description in the deed to plaintiff, by comparing it with the plan, appears to cover the whole of lot 170, without any reservation or exception whatever. As to any effect upon the general words by a more restrictive description, I cite *Keith* v. *Reynolds*, 3 Maine, 393; *Ball* v. *Barnum*, 11 Mass. 163; *Coller* v. *Tufts*, 3 Pick. 272.

It may be said, that "the south-east corner of Benjamin Warren's land" may be regarded as at the S. E. angle of the three acre lot, and that the deed from defendant to plaintiff does not embrace the three acre lot, &c.

This cannot be so, the plan negatives any such construction, and the defendant's deed will not admit of any such construction. It conveys the entire lot, No. 170. The first bound is fixed at "the south-east angle of Benjamin Warren's land." " *Thence north by said Warren's land*, 107 rods," to Richard Smart's land, &c. Suppose the point of beginning is regarded the south-east corner of the three acre lot, thence north, "by said Warren's land, 107 rods," &c., he cannot go north or . northerly on this line, " by said Warren's land, but 22 rods," and this line would then, in order to reach the north end of the lot, run through the centre of the 170 acre lot. This construction cannot prevail. Again, suppose we take the south line of the lot No. 170, on the highway. The distance of this lot, fixed by the original plan and survey is precisely the same, as across the rear of the lot, to wit, 85 rods. By adopting the construction, that the three acre lot is not included in the defendant's deed, would leave the line on the highway less than 70 rods.

This cannot be adopted, and even upon this construction

the highway, including near an acre, would be included in the deed, and not reserved or excepted therefrom.

*A. Sanborn,* for the defendant.

By the first portion of the description alone, in plaintiff's deed, the whole lot would undoubtedly pass. But this is modified and controlled by the definite boundaries specified in the second portion. It is a well established rule of law, that definite boundaries in a deed limit and control general terms previously used. *Thorndike* v. *Richards,* 13 Maine, 430; *Allen* v. *Allen,* 14 Maine, 387.

In the construction of this description, the manifest intention of the parties to the deed is to govern. This may be reached by the boundary being made upon Warren's land, evidently meaning not to convey any which he owned. And again, the Court may gather the intention from the price received for the land which defendant says was sold, and the value of the three acres, which the plaintiff is now endeavoring to make him pay for. Instead of the consideration paid, the plaintiff should have paid four times the sum he did. *Jameson* v. *Palmer,* 20 Maine, 425; *Deering* v. *Long Wharf,* 25 Maine, 51.

The location of the highway over a small parcel of the land conveyed, did not create a breach of the covenants of seizin. It gave the public a right to use the land over which it was established, a mere easement in the soil. The fee and title in and to the soil, subject to the easement, was in defendant. He was therefore legally seized of the land covered by the road, and had good right to sell and convey it.

But was the covenant of defendant in the deed against incumbrances broken? I am constrained to admit, that under the decisions of this Court, the highway was an incumbrance, and that the action may be maintained on this covenant against defendant. On this ground alone, a default must be entered.

TENNEY, J. — It is not denied, that the existence of a public road over a part of the land described in the deed from

the defendant to the plaintiff, dated November 21, 1840, constitutes an incumbrance, for which the former is liable. Such a road is an easement, and amounts to a breach of the general covenants of warranty, like those contained in this deed. *Harlow* v. *Thomas*, 16 Pick. 66.

But the principal question involved in the case is, whether the description of the land in the deed containing the covenants alleged to have been broken, embraces the parcel conveyed to Benjamin Warren, by deed of Simeon Haynes, on February 28, 1811. This deed, it is admitted, was recorded at its date. Prior thereto, Simeon Haynes was the owner of lot No. 170, according to the plan. This lot was then bounded on the west the whole distance by the land, then and now owned by said Warren. By that deed Warren took a rectangular piece of land and part of lot No. 170, from the southwest corner thereof, containing three acres, and bounded on the west by the east line of land, which was previously owned by him, for the distance of 22 rods and $21\frac{1}{2}$ links. If, by a legal construction of the deed from the defendant to the plaintiff, this parcel of three acres is included, that portion having been previously conveyed, did not pass by the deed, and there is a breach of the covenant; if, on the other hand, it is not embraced in the description, no breach of the covenant has taken place on that account.

The first clause in the description is lot No. 170, according to the survey and plan of Andrew Strong and Robert Houston. If this were the only description, the whole of lot No. 170, would fall within it. But the land is afterwards more specifically described by monuments, courses and distances. When this is done, the definite boundaries may limit the generality of a term previously used. *Allen* v. *Littlefield*, 7 Greenl. 220; *Allen* v. *Allen*, 14 Maine, 387. According to this rule, if the particular boundaries restrict the premises to a quantity less than the entire lot, and do not include the parcel described in the deed from Simeon Haynes to Warren, this ground of action fails.

The north-west, north-east and south-east corners of the

land described in the deed to the plaintiff, together with the north and east lines thereof, are in every respect free from controversy.

It is a rule well settled, that monuments will control courses and distances. By the application of this rule, the result is very clear. The south-west corner of the premises is the south-east angle of Benjamin Warren's land. This angle of Warren's land must be determined by the facts existing at the time the deed was given, and not by those, which had long before passed away; and it is only at the south-east corner of the land conveyed by Simeon Haynes to Warren, that this call in the deed can be answered. The course from this monument is represented to be "north," though upon the defendant's construction a part of the line will be west. But this line is described in such a manner, that it is to be regard- ed as a monument. There is no dispute as to the location of the eastern boundary of Warren's land, as it was at the date of the deed to the plaintiff. The western boundary of the land described in this deed, is north, "by Warren's land." The course represented as "north" must yield to the line, well defined, as a monument.

According to the agreement of the parties, a default is to be entered, and damages to be assessed by the Judge who presided at the trial, for the injury for a breach of the cove- nant on account of the road only.

SHEPLEY, C. J., and RICE, APPLETON and HATHAWAY, J. J., concurred.