Smith and another vs. Hughes.

*December 6 — December 17, 1880.*

RESCISSION OF CONTRACT: GRANTOR AND GRANTEE: COVENANTS. *(1) Executed contracts not rescinded. (2) Damages for breach of covenant of seizin. (3) Title in grantee by adverse possession: estoppel to deny it. (4, 5) What use of or intrusion upon land no breach of covenants. (6) Interest on moneys advanced.*

1. A contract for the sale of land, fully *executed* by delivery of a deed with full covenants, and of possession of the land, to the purchaser, cannot be rescinded; and especially where the vendor has not been guilty of any fraud or concealment, and the warrantor was solvent, and the pur-

chaser took with full knowledge of the property and of the title. A remark *obiter* in *Mecklem v. Blake*, 22 Wis., 495, disapproved.

2. For breach of the covenant of seizin, only nominal damages can be recovered, where there has been no eviction by paramount title, or other actual injury.

3. Where the purchaser who was put in possession by his vendor, avers in his pleading that he has offered to rescind, and tenders back to the vendor all the title and possession which he received from him, this should estop him from claiming that he has lost or abandoned the possession, so as to interrupt the running of the statute of limitations in his favor. But in this case the evidence is held to show a continued adverse possession for the full statutory period.

4. Where there are railways or other highways, in use as such, over land at the time of its sale, the purchaser is presumed to have taken with knowledge of them, and they constitute no breach of the usual covenants in his deed.

5. Neither an unlawful intrusion upon land, nor the taking thereof by the right of eminent domain, constitutes a breach of any of the ordinary covenants in a deed.

6. On moneys of the vendor applied by him at the purchaser's request to pay a mortgage debt drawing interest at nine per cent., which, as between the parties, the purchaser was bound to pay, it was not error against the purchaser to allow the vendor interest at *seven* per cent. from the date of such application.

APPEAL from the Circuit Court for *Winnebago* County.

Action for an unpaid balance of the purchase price of land sold and conveyed by plaintiffs to defendant with full covenants of warranty. The answer, by way of counterclaim, first alleged entire failure of title in the plaintiffs, offered to reconvey, and demanded a rescission of the contract; and secondly it claimed damages for breach of the covenants of seizin and title. There was a reply in denial.

The court found the following facts: The plaintiff *Hiram R. Smith* went into possession of the premises July 9, 1868, under a warranty deed of that date from one Sanders to him of said premises; and he remained in the actual, notorious and exclusive possession thereof until (with his wife, the other plaintiff) he conveyed the premises to the defendant, July 22, 1872. The defendant and two other persons as his cotenants

went into possession of the premises under said deed from Smith on the day last named, and have ever since retained actual, exclusive and notorious possession thereof; and their title or possession has never been threatened. After the time when defendant claims to have discovered the defect in the title, he and his said cotenants continued to lease the property and receive the rents and profits thereof; and the amount of such rents and profits which defendant has received, exceeds the amount of taxes paid upon the premises by $115 in the aggregate. Defendant never claimed any right to rescind said contract and conveyance, or tendered plaintiffs a reconveyance, until after this action was commenced. He had abandoned the purpose [alleged in the answer] of erecting a blast furnace upon the premises, before he discovered any defect in the title. He has suffered damages to the amount of six cents, by reason of plaintiffs' failure to convey a title in fee simple; and on the 14th of April, 1877, he was obliged to pay for plaintiffs $162. as costs in a certain litigation in which all the parties to this, action were interested as defendants. After deducting the two sums above named, with interest, there remained due to the plaintiffs from defendant on the purchase of said premises, $4,110.10. The Oshkosh City (or so-called Chicago & Northwestern) Railway was built across the premises before plaintiffs purchased them; and at the time when they took their conveyance, it was an obvious and notorious easement to which the premises were subject.

Judgment was rendered in plaintiffs' favor for $4,110.10 and costs. Defendant excepted to many of the findings of fact, and appealed from the judgment.

*Moses Hooper,* for the appellant:

I. Defendant should have been permitted to rescind the contract. The plaintiffs conveyed no title to him. Nor has there been such continual occupation and possession as ripens into title. R. S. 1858, ch. 138, sec. 6; *Byrne v. Lowry,* 19 Ga., 27; *Carrol v. Gillion,* 33 id., 539; *Joiner v. Borders,* 32 id.,

239; *Virgin v. Land*, id., 572; *Harrison v. Cachelin*, 23 Mo., 117; *Sharp v. Johnson*, 22 Ark., 79; *Smith v. Chapin*, 31 Conn., 530. The grantors were solvent when the deed was made, but are now insolvent. A purchaser will not be compelled to pay for a title which he has not received, to an insolvent vendor, especially when the latter can have his property restored unharmed. *Mecklem v. Blake*, 22 Wis., 495; *Taft v. Kessel*, 16 id., 273; 2 Kent's Comm., 471; 1 Story Eq. Jur., secs. 142, 143; *Bradley v. Chase*, 22 Me., 511; *Irick v. Fulton*, 3 Gratt., 193; *Castle v. Peirce*, 2 Root (Conn.), 294; *Frazer v. Peoria Co.*, 74 Ill., 282. II. If rescission is not permitted, defendant is entitled to damages for the breach of the covenants. 1. The property could be made useful only by the expenditure of ten to thirty thousand dollars in building a blast furnace thereon. Defendant, not having acquired title, could not properly expend such sum; nor could he re-sell the property. He therefore lost the entire use of the land for the purpose for which it was bought, and should recover, as damages, the interest on the purchase money. 1 Sedgw. on Dam., 174; *Shorthill v. Ferguson*, 44 Iowa, 249; *Hopkins v. Grazebrook*, 6 B. & C., 31; 13 E. C. L., 100; *Robinson v. Harman*, 1 Exch., 850; *Hall v. Gale*, 14 Wis., 54; *Kingdon v. Nottle*, 4 M. & S., 53. 2. By reason of the want of title, defendant was compelled to abandon an appeal from the proceedings had by the city of Oshkosh to condemn a part of the land for a street. He should recover the amount actually expended on the appeal. *Godwin v. Francis*, L. R., 5 C. P., 295; *Spedding v. Nevell*, L. R., 4 C. P., 212; *Grant v. Tallman*, 20 N. Y., 191; *Waldo v. Long*, 7 Johns., 173; *Bennet v. Jenkins*, 13 id., 50. 3. When the premises were conveyed, the Oshkosh City Railway was in operation over the same. No proceedings were ever taken to subject the land to this easement. Lack of title prevented the defendant from turning the company off or compelling it to pay damages. He therefore lost the use of the property so occupied, and should re-

cover therefor. 4. In 1874 the C., M. & St. P. R'y Co. laid its track across the land without taking any proceedings to condemn it. Defendant could not then compel abandonment or condemnation, as he could have done if he had had title. Laws of 1861, ch. 175, sec. 2; Tay. Stats., 1043, sec. 33; R. S., sec. 1852. Even if he could have compelled the company to condemn before taking possession, he could not sustain an appeal from the award, nor procure payment of such award to him.

*Geo. W. Burnell*, for the respondent:

I. Where a contract has been executed, as by delivery of the deed and of possession, it cannot be rescinded. *Taft v. Kessel*, 16 Wis., 273; *Booth v. Ryan*, 31 id., 45; Rawle's Covenants (4th ed.), 565–9, 691; *Horton v. Arnold*, 18 Wis., 212; *Ludlow v. Gilman*, id., 552. The insolvency of the grantor does not alter the rule. If the grantee was not satisfied to rely upon his covenants, he should have taken additional security. Rawle on Cov., 688–693; *Patton v. Taylor*, 7 How. (U. S.), 132; 7 J. J. Marsh., 114; *Brunette v. Schettler*, 21 Wis., 188. II. For a breach of the covenant of seizin where there has been no eviction or other actual injury, the grantee can recover only nominal damages. *Mecklem v. Blake*, 22 Wis., 495; *Noonan v. Ilsley*, id., 27; *Eaton v. Lyman*, 30 id., 41; *S. C.*, 33 id., 34. In this case there has been no substantial breach or actual damage. 1. The defendant had abandoned the purpose to build the blast furnace before he discovered the defect in his title. Damages on this ground were, in any event, too remote and speculative. 2. The city abandoned the proceedings for a street, and the defendant his appeal, simultaneously, by tacit consent. 3. The Oshkosh City Railway were mere trespassers, and their entry without claim of right or title was no breach of the covenant. Had their road been there by any claim of right, it was an obvious and notorious easement when the deed was given. *Kutz v. McCune*, 22 Wis., 628; Rawle on Cov., 80. 4. The C., M. & St. P.

R'y Co. was also a mere trespasser. The defendant might have brought an action of trespass; he might also have resorted to a court of equity, or defended his possession *vi et armis;* or he might have maintained ejectment against the company. *Bates v. Campbell,* 25 Wis., 613; *Roebke v. Andrews,* 26 id., 311, 354.

ORTON, J. The counterclaims of the defendant, for a rescission of the bargain and for damages, are predicated upon the breach of the covenant of seizin in the deed of the respondents, executed and delivered in July, 1872. It is too well settled that only executory contracts can be rescinded, to require discussion. This method of relief is the converse of specific performance, and in its very nature can have application only to executory contracts; and this court has settled the question beyond controversy, by repeated decisions. In direct application to this case, it is held in *Booth v. Ryan,* 31 Wis., 45, that especially a rescission cannot be made after a deed with full covenants, together with possession, have been delivered in full execution of the contract of sale. It is not pretended in this case that the vendors were guilty of any fraud or concealment, or that the warrantors were insolvent, or that the appellant did not have full knowledge of the condition of the property and title. Willard's Eq. Jur., 303; *Taft v. Kessel,* 16 Wis., 273; *Horton v. Arnold,* 18 Wis., 212; *Brunette v. Schettler,* 21 Wis., 188; Rawle on Covenants, 565, 591. The remark in the opinion of Chief Justice DIXON in *Mecklem v. Blake,* 22 Wis., 495, intimating that a rescission might be made in such a case, was clearly *obiter,* and without due consideration.

As to the counterclaim for damages for the breach of the covenant of seizin, the law is equally well settled that an action to recover anything more than nominal damages for the breach of this covenant will not lie until after eviction by paramount title, or other actual injury. *Mecklem v. Blake,* 22 Wis., 495; *Noonan v. Ilsley,* 22 Wis., 27; *Eaton v. Lyman,*

30 Wis., 41. From the evidence in the case, there can be no question but that the adverse possession of the appellant, and those holding under him, ripened into title before the answer setting up the counterclaim in this action was made. This affirmative relief asked by way of answer must be treated as a cause of action, and before this cause of action accrued the title of the appellant became perfect, and his previous cause of complaint had been removed. The lots had been used together in the business of the respondents before the deed was made, and they had full and notorious possession of both lots, and delivered the same to the appellant at the time of the execution of the deed. Since that time, the evidence is very clear and satisfactory that the appellant, and those claiming under him, have continued in nearly the same use and possession of, and exercise nearly the same acts of ownership over, both of the lots. They have paid the taxes thereon, and derived rents and profits therefrom, and to the extent necessary for their business they have been in the visible, open and notorious possession of both lots to the extent of their relative facilities of use and enjoyment, and to the exclusion of all other persons. The appellant has offered to rescind the bargain, and although, as we have seen, this offer is fruitless in such a case, yet it is sufficient that he has made this offer to rescind in good faith, and tendered or pretended to tender back to the respondents all of the title and possession he received from them in 1872. By this answer the appellant should be estopped from claiming, in this case, that he had lost or abandoned such possession, and rendered himself unable to deliver back the same to the respondents on such rescission. In this view of the case, it is not necessary to scan very closely the evidence as to such continued possession of both lots for the full time of ten years after the execution of the deed of James Sanders, trustee, to the respondent *Rufus R. Smith*, in July, 1868, in the respondents and the appellant, and in those who claim under him.

But, without such admission in the offer to rescind and deliver back the full possession by the appellant, the evidence is clearly satisfactory that such possession has been sufficient to answer the demands of the statute of adverse possession. R. S., secs. 4210, 4211, 4212; *Wilson v. Henry*, 40 Wis., 594.

In respect to railways and other highways over these lots, or over any portion of them, it is sufficient to say that if they were used as such when the deed of July, 1872, was executed, the appellant must be presumed to have purchased with full notice of them, and they constitute no breach of the covenants of the deed. This would be so if the ways were, in law, easements *(Kutz v. McCune,* 22 Wis., 628); and much more if they were less than easements, or unlawful. But in respect to railways, where the right of eminent domain of the government is exercised in conferring a right of way, they cannot constitute breaches of covenants of title in any case. Rawle on Cov., 140; *Frost v. Earnest,* 4 Whart. (Pa.), 86; *Ellis v. Welch,* 6 Mass., 246. Such acts of sovereignty are not presumed to be in the minds of the parties, or embraced within the purview of the warranty. No injury can be presumed to any one from such acts, as full indemnity and compensation are required to be made. It is needless to say that the covenants of a deed do not embrace trespasses or unlawful intrusions. In respect to the damages in abeyance for rights of way over the property, the appellant, and those who claim under him, now having full title, can make them available to themselves whenever they choose to do so.

The application of the insurance moneys in part payment of the mortgage assumed by the appellant as part of the consideration of the deed, was the application of the moneys of the respondents, and in principle is the same as if the respondents had paid directly so much of said mortgage for the appellant. That mortgage having drawn nine per cent. interest, it is no hardship for the appellant to now pay seven per cent. on such amount from December 1, 1870, the date when said moneys

were so applied upon the mortgage. It was clearly liquidated at that time, and such adjustment of the interest appears to be equitable and just, within the rule in *Diedrich v. Railway Co.*, 47 Wis., 662, and other cases in this court. This opinion as to interest is subject, of course, to any stipulation of the parties; and the matter is not deemed important, as there is no discussion of the question in the brief of the learned counsel of the appellant.

We can find no error in the judgment of the circuit court.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.