BURBACH VS. SCHWEINLER.

. *November 28 — December 12, 1882.*

DEED: RECORDED PLAT: STREETS. *(1) Streets and alleys excluded from conveyance with reference to plat. (2) Grantee chargeable with notice thereof. (3) Mistake in recording plat. (4) Fee of street in lot-owner, under Michigan statute.*

1. Where lands are conveyed with reference to a recorded plat, a street or alley over such lands, shown by the plat, is necessarily excluded from the conveyance. If, by the law at the time the plat was made, such street or alley was a mere public easement, the lands are conveyed subject to such easement; but if the title in fee to the land within the street or alley vested in the county or other corporate authority, such land is wholly excluded from the conveyance.

2. The grantee, in such case, is chargeable with notice of all streets and alleys shown by the plat, and the existence of such street or alley, within the metes and bounds of the lands described in the conveyance, is not a breach of the ordinary covenants of seizin and right to convey, and against incumbrances.

3. An obvious mistake of the recorder in drawing a line across one end of an alley, which is otherwise plainly marked, upon the plat of a village, cannot affect the dedication of such alley to the public.

4. A village plat made in 1838, under the statute of Michigan then in force in the territory of Wisconsin, did not pass the title in fee to the land within the streets and alleys thereon to the county or other corporate authority, but such title remained in the owners of the adjoining lots, subject to the public easement.

APPEAL from the Circuit Court for *Jefferson* County.

Action for the foreclosure of a mortgage. The case is stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

*Harlow Pease,* for the appellant, contended, *inter alia,* that under the territorial act approved January 12, 1838, pursuant to which the village was platted, and under the act of congress, approved May 26, 1824, and secs. 5, 7, p. 160, R. S. 1839, the plaintiff never owned the alley in question, but that the fee to that strip of land vested in the county com-

missioners in 1838 and has ever since remained in the public. See, also, *Reilly v. Racine*, 51 Wis., 526. The doctrine that adjacent lot-owners take to the center of a highway does not apply to this case. Even if it did apply the west half of the alley would go to lots 7 and 8. In this view of the case there is a clear breach of the covenant of seizin.

For the respondent there was a brief by *I. W. & G. W. Bird*, and oral argument by *Mr. G. W. Bird*.

Orton, J. The mortgage sought to be foreclosed was of 116 feet of lots 1 and 2, in block 14, of the village of Jefferson, commencing on the east side of said lots, and running westwardly towards the west line of the same. The answer alleges that the mortgage was given to secure the payment of the purchase money of the above premises, together with 24 feet commencing at the west line of the above description on lots 1 and 2, and running west 24 feet, including two feet off from the east end of lot 7 in said block. The fact material in this description of the last-mentioned premises is that it includes the whole alley, sixteen feet wide, between lots 1 and 2, 7 and 8. As a counterclaim against the money secured by the mortgage the answer alleges that a deed with covenants of seizin and right to convey, and against incumbrances, was given for the whole of said premises by the said plaintiff to the defendant in consideration of said purchase money, and that such covenants were broken, and the defendant suffered damages thereby in respect to said last-mentioned premises, by reason of an alley regularly laid out and dedicated to public use, sixteen feet wide, running north and south between lots 1, 2, 3, and 4, and lots 5, 6, 7, and 8, of said block, by the original plat of said village, which constituted a perpetual easement on said premises, and that the defendant did not know of such alley at the time of the purchase, and that it was not used by the public, and that buildings and other improvements of a permanent character

existed thereon, and that there was nothing to indicate the existence of such alley, but that the appearances indicated that there was no such alley.

All the evidence of title introduced at the trial was the following: (1) There was a stipulation in effect that the county commissioners of Jefferson county purchased the land on which the plat of the village of Jefferson was laid out by virtue of an act of the territorial legislature of Wisconsin, approved January 12, 1838, and that they caused the same to be platted, and that the plat thus made was dated November 21, 1838, and recorded in the office of the register of deeds of said county, and that on the 7th. day of February, 1846, one George F. Markley owned in fee-simple lots 1, 2, 7, and 8, in block 14, in the original plat of the village of Jefferson; (2) the record of the original plat of said village; (3) a part of the original record of the plat showing this block, saved from the burning of the register's office and records, which had been preserved and kept in said office; (4) a warranty deed from George F. Markley to one Isaac Savage, dated July 3, 1847, of lots 1 and 2, 7 and 8, comprising the north half of said block; (5) a warranty deed from said Savage and wife to one D. W. Hillyer of the same premises as last above mentioned, dated September 3, 1855; (6) a warranty deed from D. W. Hillyer and wife to Lydia W. Howes of the 116 by 132 feet of lots 1 and 2 as described in said mortgage, dated December 19, 1866; (7) a quitclaim deed from W. D. Hillyer and wife to one John Jung, dated May 12, 1868, of the 24 by 132 feet as lastly described in said deed from the plaintiff to the defendant and not included in the mortgage; (8) a warranty deed from Lydia W. Howes and A. F. Howes to John Jung, dated April 30, 1868, of the 116 by 132 feet of lots 1 and 2, as described in the mortgage; (9) a warranty deed from John Jung and wife to Nicholas Jung, dated June 11, 1874, of both of said tracts, the 116 by 132 feet, and 24 by 132 feet;

(10) a warranty deed from Nicholas Jung and wife to *Catharina Jung*, afterwards the plaintiff, *Catharina Burbach*, dated June 20, 1874, of the whole of the last-named premises; (11) a warranty deed from *Catharina Burbach* to *Charles Schweinler*, the defendant, dated September 26, 1876. In all of these deeds the premises are described as lots or parts of lots, giving their numbers, in block 14, as they are designated and marked upon the original plat of said village. The plat being in evidence, the evidence of title by these successive deeds introduced by the defendant, shows that the defendant obtained by his deed from the plaintiff all that it purports to convey.

1. By the description of the premises according to the plat, the alley which appears thereon, and which may fall within the metes and bounds of the premises described, is necessarily excluded from the grant and the covenants of the deeds, and it would make no difference whether by the law at the time the plat was made the alley was a mere public easement, or the fee-simple title to the land was vested in the county or any other body or person for the public use. Whatever the alley was by the plat, *that* is excluded. The purchaser by a conveyance made according or by reference to the plat not only purchased subject to the streets, alleys, and other public grounds appearing thereon, but obtains by such purchase rights therein which may not be taken away or disturbed. If the conveyance is exclusively of a street or alley in reference to a plat on which it appears, it is subject to the public easement. In application of this principle to this case, if the fee of the land in the alley belonged to the adjacent lot-owners, these deeds are subject to the alley only as a public easement. But if the fee, by the law governing the platting of villages at the time, became vested in the county, nothing is conveyed within such alley, and it is wholly excluded from the operation of the deeds. This position is assumed and ably urged by the learned counsel of the

respondent, and supported by the citation of numerous decisions of this and other courts. The principle is that the purchaser buys with full notice of the streets and alleys on the plat and subject to them. *Weisbrod v. C. & N. W. Railway Co.*, 18 Wis., 35; *Orton v. Harvey*, 23 Wis., 99; *Shufeldt v. Spaulding*, 37 Wis., 668; *Pettibone v. Hamilton*, 40 Wis., 402; *Fleischfresser v. Schmidt*, 41 Wis., 223; *Jarstadt v. Morgan*, 48 Wis., 245; *Glover v. Shields*, 32 Barb., 374; *Moale v. Baltimore*, 5 Md., 314; *White v. Flannigan*, 1 Md., 525; 2 Washb. on R. P., 684. The existence of an easement appearing upon the plat, or a highway legally laid out, is no breach of the ordinary covenants of a deed. *Kurtz v. Mc-Cune*, 22 Wis., 628; *Pomeroy v. C. & M. Railroad*, 25 Wis., 641; *Smith v. Hughes*, 50 Wis., 620. The purchaser is chargeable with notice of everything recited in his deed, or any other deed constituting a part of his chain of title. *Pringle v. Dunn*, 37 Wis., 449. The defendant has alleged in his answer the existence of the plat and the alley thereon, and attempted to prove it, and indeed predicates a breach of the covenants of the plaintiff's deed upon the existence of this alley, but alleges want of notice of it. This allegation of want of notice cannot avail as against the notice he had by the plat referred to in his chain of title.

The record of the plat introduced showed a line drawn across the alley at the north side of the block, and this was sought to be corrected by a part of the old record, which had been preserved from fire. The record introduced hardly needed this correction, for the alley is plainly marked otherwise, and this line is an obvious mistake of the recorder, which cannot affect the dedication of the alley to the public use. *Ely v. Bates*, 5 Wis., 467; *Van Valkenburg v. City of Milwaukee*, 30 Wis., 338. In this view of the case it follows that the defendant cannot complain of the existence of the alley.

2. Irrespective of the alley as an easement, it will be ob-

served, as stated in the brief of the learned counsel of the respondent, that no conveyance by Hillyer, prior to May 12, 1868, of any parts of lots 7 and 8, on the west side of the alley, was introduced in evidence, so that at that time he owned in fee the whole north half of the block, except the 116 feet previously conveyed to Howes, and consequently he then owned the fee of the whole north half of the alley, if the fee under the platting belonged to the adjoining lot-owners. On that day he conveyed such fee to John Jung, and since, by the successive conveyances, the title to it has passed to the defendant. In this view, also, the defendant has obtained all the deed of the plaintiff purported to convey.

3. But the learned counsel of the appellant contends that this plat having been made under the statute of Michigan which passed title to the lands of streets and alleys to the county or other corporate authority, the adjoining lot-owners do not own the fee to the center thereof. That statute, however, has been construed otherwise, and in harmony with the general doctrine that the adjoining lot-owner owns the fee to the center of the street or alley, subject only to the public easement, and that the title conferred upon the public authorities by the statute was a qualified one only, and if such street or alley should be abandoned or vacated that such title would be extinguished and the adjoining owners would hold the fee by reversion. *Kimball v. City of Kenosha,* 4 Wis., 321; *Goodall v. City of Milwaukee,* 5 Wis., 32; *Milwaukee v. M. & B. Railroad Co.,* 7 Wis., 85; *Ford v. C. & N. W. Railroad Co.,* 14 Wis., 609; *Weisbrod v. C. & N. W. Railway Co., supra; Hegar v. C. & N. W. Railway Co.,* 26 Wis., 624.

In our view the following conclusions are reached by the evidence: (1) The defendant purchased the 24 by 132 feet tract according and with reference to the original plat of the village, and as that plat shows an alley within such description, he purchased subject to such alley, whether as a mere

public easement, or as vesting the title of the land in the county or other public authority subject to such easement, and in support thereof, and with full notice thereof. (2) According to the title disclosed in the evidence, the defendant obtained by his deed a full fee-simple title to the land which the deed purported to convey. (3) The deed of the plaintiff conveying by metes and bounds the land used or laid out as an alley in fee-simple, and according to the decisions of this court such fee-simple title being vested in the owners of the adjoining lots, even by the statutes under which this plat was made, the defendant obtained such title in the land conveyed subject to the public easement.

In any one of these views of the case, the defendant has no right to complain of any breach of the covenants of his deed from the plaintiff. He obtained all that he bought or bargained for, whether there is an alley on the premises or not. The briefs and arguments on both sides were very able, and this court obtained from them the utmost knowledge of the case, without the necessity of looking elsewhere for either reasons or authorities. It will be seen that the principles on which the case rests, and has been decided, have become almost elementary, by the repeated decisions of this court.

*By the Court.*— The judgment of the circuit court is affirmed.