PATRICK KILLEN, APPELLEE, v. OSCAR D. FUNK, APPEL-
LANT.

FILED MARCH 5, 1909. No. 15,481.

Vendor and Purchaser: LAND IN HIGHWAY. While a public highway along and upon agricultural land is an easement, and easements are, as a general rule, incumbrances, yet, such easement tending to increase rather than diminish the value of the estate, the sale of the land upon which the highway exists, without a reservation of the land upon which the easement is located, does not furnish a breach of the contract to convey the whole, and a purchaser of such a tract will be liable to pay the contract price for all the land conveyed, including that portion occupied by the highway.

APPEAL from the district court for Colfax county: JAMES G. REEDER, JUDGE. *Affirmed.*

*J. A. Grimison,* for appellant.

*John J. Sullivan* and *Louis Lightner, contra.*

REESE, C. J.

This action was instituted in the district court for Colfax county. The suit grew out of a contract by which one Homer B. Robinson sold and conveyed to the defendant all that part of a certain tract of land described as the west half and the southwest quarter of the northeast quarter of section 13, township 18, range 4, in Colfax county, lying north of Maple creek, a stream which bisected the land owned by Robinson. The written contract is set out in the petition and is as follows: "Agreement. Aug. 19, 1905. H. B. Robinson agrees to sell, and O. D. Funk agrees to purchase, the following described lands

in the manner here stated: All of the land in the west half of sec. 13-18-4 laying north of the creek and the S. W. ¼ of the N. E. ¼ of 13-18-4 laying north of the creek at $67.40 per acre. Said land to be paid for as soon as Robinson has it surveyed and notifies Funk. Funk is to receive all rents for 1905, said land to be clear of all incumbrances and title perfect. O. D. Funk. H. B. Robinson." The land was surveyed and reported to Robinson as containing 173.215 acres, for which defendant paid the contract price of $67.40 an acre, amounting to $11,674.-69. A deed of conveyance was made in accordance with the contract, and following the description with the clause "all containing 173.215 acres, more or less." Robinson afterwards sold the land south of the creek to plaintiff, and upon a survey being made it fell short of what it was thought to contain; that is, the two tracts did not appear to contain the number of acres known to be included in the whole tract. Attention was then directed to the survey of the tract sold defendant, when it was ascertained that the surveyor had excluded from his estimate of the quantity of land a public highway along the north side of the land sold to defendant. Robinson then assigned his claim against defendant to plaintiff for the purchase price of the portion thus alleged to have been omitted, and for which plaintiff brought this suit, claiming the omission was by mistake of the surveyor. The trial in the district court resulted in a judgment in favor of plaintiff, from which defendant appeals. It is conceded that the question of defendant's liability depends upon whether the public road along and on the margin of the land constitutes such an incumbrance as will, under the contract, exempt defendant from payment for the land included therein. This is the sole question involved.

The case of *Harrison v. Des Moines & Ft. D. R. Co.*, 91 Ia. 114, is cited and relied upon by plaintiff as supporting his right to recover. That suit was in effect an action for a breach of a covenant of warranty in a deed of conveyance; there being public highways upon the land not

excepted from the covenant. It was held that no action could be maintained. The opinion of the court is exhaustive in its reasoning, and holds that "no easement should be regarded as an incumbrance to an estate, which is essential to its enjoyment, and by which its value is presumably advanced"; that by the system of public highways "the landed estates become mutually servient, and in such a way that the easements are mutually advantageous, and the respective land values enhanced thereby"; and that "such an easement is not an incumbrance." While we approve the logic and reasoning in that case, yet we are not unmindful of the fact that it is in direct conflict with many decisions in this country, and is possibly prompted more by a consideration of "the general welfare" than any well-established rule of law. Indeed, the writer of the opinion says it is conceded that the authorities are not uniform on the question (citing cases both ways), and that "both lines of authorities have support from rulings on kindred questions, and nothing less can be said, on authority, than that the question is one of grave doubt."

In this state, as in Iowa, practically the whole course of conveyances has been to treat public roads as an essential and necessary betterment, and not an incumbrance which depreciates the value of the land, and, hence, they have rarely been excepted from covenants in deeds of conveyance, and yet not considered as inimical to full covenants of seizin and warranty. We agree with the decision in the case above cited that no action could be maintained on covenants of seizin and warranty under the circumstances. This being true, there would seem to be no good reason why plaintiff might not recover in this action for the value of the land conveyed, but, owing to an error on the part of the surveyor, not paid for.

The judgment of the district court is therefore

AFFIRMED.