# G. H. SANDUM v. JOHN JOHNSON.[1]

## July 11, 1913.

## Nos. 18,075—(113).

**Breach of covenant — highway across land.**

> The existence of a rural highway, extending across land conveyed by warranty deed of the form in common use, does not constitute a breach of the covenants usually contained in such deeds.

Action in the district court for Benton county to recover $2,078.30 for breach of contract to convey certain premises pursuant to a contract of purchase. The answer admitted there was a public highway across a portion of the premises described in the contract and alleged that, prior to the execution of the contract, plaintiff had notice of the existence of the highway. At the trial of the action before Grindeland, J., defendant's motion for judgment of dismissal upon the pleadings was granted. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*G. Halvorson,* for appellant.

*O. A. Naplin, Charles Loring* and *G. A. Youngquist,* for respondent.

TAYLOR, C.

The trial court directed a judgment for the defendant, on the pleadings and the admissions made in open court, and the plaintiff appeals from an order denying his motion for a new trial. The facts are briefly as follows:

The defendant entered into a contract with the plaintiff whereby he agreed to convey to the plaintiff 359.30 acres of land located in Pennington county, "in fee simple, clear of all encumbrance what-

[1] Reported in 142 N. W. 878.

Note. — On the question of the existence of public highway, private way, or railroad right of way across land at time of conveyance as breach of covenants, see note in 30 L.R.A.(N.S.) 833.

ever, by a good and sufficient warranty deed," on being paid the purchase price therefor as provided in the contract. Prior to the making of the contract, a public road had legally been laid out across the land, but had not been opened for travel or used. At the time of making the contract, the existence of this road was unknown to the plaintiff, and, apparently, was also unknown to the defendant.

After the second instalment of the purchase price became due, the plaintiff tendered the payment, on condition that the defendant relieve the land from the burden of the highway and convey it free from the easement therefor. The defendant admitted that he was unable to do so, and asserted that the highway was not an encumbrance within the meaning of the contract.

It is conceded by both parties that the only question for determination on this appeal is whether the existence of the easement for this highway constitutes an encumbrance within the covenants of the deed contracted for.

Whether the owner of a farm, across which a public road had been established, who conveys the farm by deed containing the usual covenants, without expressly excepting the road therefrom, is liable in damages for a breach of his covenants has been considered by many courts, and the results reached and the reasons assigned therefor differ.

The Massachusetts court, in the case of Kellogg v. Ingersoll, 2 Mass. 96, decided in 1806, held that a town road was an encumbrance within the terms of the covenant saying, "It is legal obstruction to the purchaser to exercise that dominion over the land, to which the lawful owner is entitled." The subsequent cases in that state, to which our attention has been called, do not involve public highways; but they consistently apply the rule that the existence of *any* easement is a breach of the covenant, for the reason that it interferes with the dominion of the owner over his property.

In the following states the courts adopt the rule stated in Kellogg v. Ingersoll, supra, and hold that in all cases a public highway is an encumbrance, within the meaning of the usual covenants in a warranty deed, for the reason that its existence deprives the owner of that exclusive dominion over his land to which he is entitled.

Connecticut: Hubbard v. Norton, 10 Conn. 422; Alling v. Burlock, 46 Conn. 504.

Maine: Herrick v. Moore, 19 Me. 313; Haynes v. Young, 36 Me. 557; Lamb v. Danforth, 59 Me. 322, 8 Am. Rep. 426.

Vermont: Butler v. Gale, 27 Vt. 739.

New Hampshire: Prichard v. Atkinson, 3 N. H. 335; Haynes v. Stevens, 11 N. H. 28.

Indiana: Burk v. Hill, 48 Ind. 52, 17 Am. Rep. 731.

Illinois: Beach v. Miller, 51 Ill. 206, 2 Am. Rep. 290.

Missouri: Kellogg v. Malin, 50 Mo. 496, 11 Am. Rep. 426.

Alabama: Copeland v. McAdory, 100 Ala. 553, 13 South. 545.

The Pennsylvania court, in Memmert v. McKeen, 112 Pa. St. 315, 4 Atl. 544, says: "Encumbrances are of two kinds, viz., (1) such as affect the title; and (2) those which affect only the physical condition of the property. A mortgage or other lien is a fair illustration of the former; a public road or right of way, of the latter. Where encumbrances of the former class exist, the covenant referred to, under all the authorities, is broken the instant it is made, and it is of no importance that the grantee had notice of them when he took the title; Cathcart v. Bowman, supra [5 Pa. St. 317]; Funk v. Voneida, 11 S. & R., 109 [14 Am. Dec. 617.] Such encumbrances are usually of a temporary character and capable of removal; the very object of the covenant is to protect the vendee against them; hence knowledge, actual or constructive, of their existence, is no answer to an action for breach of such covenant. Where, however, there is a servitude imposed upon the land which is visible to the eye, and which affects not title, but the physical condition of the property, a different rule prevails. Thus it was held in Patterson v. Arthurs, 9 Watts, 152, that, where the owner had covenanted to convey certain lots free from all encumbrances, a public road, which occupied a portion of such lots, was not an encumbrance within the meaning of the covenant. This is not because of any right acquired by the public, but by reason of the fact that the road, although admittedly an encumbrance, and possibly an injury to the property, was there when the purchaser bought, and he is presumed to have had knowledge of it. In such and similar cases there is the further presump-

tion that, if the encumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly."

This case is based upon Patterson v. Arthurs, supra, and Wilson v. Cochran, 48 Pa. St. 107, 86 Am. Dec. 574; and is approved in Howell v. Northampton, 211 Pa. St. 284, 60 Atl. 793.

In New York, a public highway, in actual use upon the land at the time of the purchase, is not a breach of the covenants, as the vendee is presumed to have known of its existence and to have taken it into consideration in making his purchase, Whitbeck v. Cook, 15 Johns. 482, 8 Am. Dec. 272; Huyck v. Andrews, 113 N. Y. 81, 20 N. E. 581, 3 L.R.A. 789, 10 Am. St. 432; Hymes v. Estey, 116 N. Y. 501, 22 N. E. 1087, 15 Am. St. 421, and 133 N. Y. 342, 344, 31 N. E. 105.

The Wisconsin court, in Smith v. Hughes, 50 Wis. 620, 627, 7 N. W. 653, 654, say: "In respect to railways and other highways over these lots, or over any portion of them, it is sufficient to say that if they were used as such when the deed of July, 1872, was executed, the appellant must be presumed to have purchased with full notice of them, and they constitute no breach of the covenants of the deed." The same rule is applied in Kutz v. McKune, 22 Wis. 628, 99 Am. Dec. 85; Pomeroy v. Chicago, 25 Wis. 641; Pick v. Rubicon, 27 Wis. 433, 442; Mead v. Hein, 28 Wis. 533, 537; Sabine v. Johnson, 35 Wis. 185, 201; Burbach v. Schweinler, 56 Wis. 386, 390, 14 N. W. 449; Milwaukee v. Strange, 63 Wis. 178, 183, 23 N. W. 432; McLennan v. Prentice, 85 Wis. 427, 434, 55 N. W. 764.

The Virginia court, in Jordon v. Eve, 31 Gratt. 1, after adopting the views of the New York and Pennsylvania courts, add: "With us it has never been supposed that the vendor in conveying his lands is required to *make an express* reservation or exception with respect to the highways upon the tract, or else to submit to an abatement of the purchase money." In Deacons v. Doyle, 75 Va. 258, the same court again state the rule thus: "Where, at the time of the purchase of real estate, there is a road, or right of way, used by the public, such as a public highway, or a road used so long that there may be a presumption of a dedication to the public, the purchaser takes the

land subject to such right; and he is not protected even by a *deed of warranty against encumbrances*. See Jordon v. Eve, 31 Gratt. 1, and cases there cited." Trice v. Kayton, 84 Va. 217, 4 S. E. 377, 10 Am. St. 836, approves the above rule, but states that it does not apply to a right of way unknown to the purchaser and not discoverable by observation.

The West Virginia court adopts the views of the courts of Pennsylvania and Virginia. Patton v. Quarrier, 18 W. Va. 447; Barre v. Fleming, 29 W. Va. 314, 325, 1 S. E. 731.

The Maryland court adopts the Pennsylvania rule. James v. Jenkins, 34 Md. 1.

The Georgia court, in Desvergers v. Willis, 56 Ga. 515, 21 Am. S. 289, says: "The decisions of the courts of this country are not uniform upon this question, but the weight of authority, we think, is that the existence of a public road on the land, known to the purchaser, is not such an encumbrance as would constitute a breach of the covenant of warranty. This view of the question is sustained by the better reason, especially as applicable to the condition of the people of this state. To hold that a public road running through a tract of land, which was known to the purchaser at the time of his purchase thereof, is such an encumbrance on the land as would constitute a breach of a covenant of warranty against encumbrances, would produce a crop of litigation in this state that would be almost interminable."

The Idaho court approves the same rule, Newmyer v. Roush, 21 Idaho, 106, 120 Pac. 464; Schurger v. Moorman, 20 Idaho, 97, 117 Pac. 122, 36 L.R.A.(N.S.) 313, Ann. Cas. 1912D, 1114.

The Iowa court, in Harrison v. Des Moines, 91 Iowa, 114, 58 N. W. 1081, discusses the question exhaustively and among other things say: "If the rule is to obtain in this state that such highways are encumbrances against covenants of warranty, the effect will be to create almost numberless liabilities where none were thought to exist, for, with few exceptions, if any, conveyances have been made without an apprehension of such a rule, by either of the parties, and, as has been said in other states that have denied the rule, 'would produce a crop of litigation  *  *  *  that would be almost interminable.'

\* \* \* No easement should be regarded as an encumbrance on an estate that is essential to its enjoyment, and by which its value is presumably enhanced. Nothing in the record indicates that the highways in question do not bear the relation to the land conveyed to the plaintiff that public highways generally do to agricultural lands; and we have no hesitancy in saying that public highways are not depreciative, but, on the contrary, they are highly appreciative, of the value of the lands on which they constitute an easement, and are a means without which such lands are not available for use, nor are they sought after in the markets. The network of highways over the state is the means by which the owners of lands are enabled to reach the churches, schools, and markets of their respective communities; and, when the owner of a tract of land is disconnected from this system he becomes a petitioner to the public, and asks that such an easement be created, and his lands be made servient thereto. By this system of highways the landed estates become mutually servient, and in such a way that the easements are mutually advantageous, and the respective values are enhanced thereby. Such an easement is not an encumbrance. \* \* \* It seems demonstrable that the mere existence of a public highway is not an encumbrance to land. It is probably true that such highways might be made an encumbrance, but that is not the question with which we are to deal. To our minds, the known conditions, of which judicial notice is taken, lead to the conclusion that public highways are so far essential to the usual and ordinary use and occupancy of land, and so far constitute an inducement for the purchase of the same, as that they are not encumbrances, so as to constitute a breach of the usual covenants of warranty. So universal has been the belief that they are not such encumbrances, and to such an extent has the belief been carried into the exchange of lands in the state, that a contrary rule would be violative of the mutual understandings of parties to such transactions. \* \* \* We make the distinction on the line of what the law will presume to be an encumbrance, in the sense that it is a damage to the estate made servient by the easement. Other easements to which our attention has been called, or which we have been able to consider, are not such that the law will presume them as attaching to an estate, at the in-

stance of the owner, and for its advantage." This decision and the reasoning by which it is reached are approved in Stuhr v. Butterfield, 151 Iowa, 736, 130 N. W. 879, 36 L.R.A.(N.S.) 321.

The Nebraska court, in Killen v. Funk, 83 Neb. 622, 120 N. W. 189, 131 Am. St. 658, after approving the logic and reasoning in Harrison v. Des Moines, supra, say: "In this state, as in Iowa, practically the whole course of conveyances has been to treat public roads as an essential and necessary betterment, and not an encumbrance which depreciates the value of the land, and hence, they have rarely been excepted from covenants in deeds of conveyance, and yet not considered as inimical to full covenants of seizin and warranty. We agree with the decision in the case above cited that no action could be maintained on covenants of seizin and warranty under the circumstances."

While the decisions are conflicting, the clear weight of both argument and authority is that the existence of a known rural highway does not constitute a breach of the usual covenants in a deed conveying agricultural land.

Different courts assign different grounds for so holding, but all recognize that the underlying fundamental reasons therefor are, that farm lands are usually conveyed by warranty deed; that it almost never occurs to either buyer or seller that such deeds contain a guaranty that public roads do not exist upon the land, or make the seller liable in damages for the existence of a road which both parties perhaps traveled in going to and from the land; that neither party had in mind or contemplated the making of any such contract; that such deeds would rarely, if ever, be executed were it understood that they created any such liability; that, were the law to give them such effect, the cases would be legion in which the law would establish a liability and right of action that neither party contemplated or intended; and that, were they given such effect, the resulting "crop of litigation" "would be almost interminable."

These are matters of common knowledge of which the courts must take note. It is well-known that deeds of farm lands in this state

have been made by the tens of thousands, with no thought that the existence of a road across the land constitutes a breach of the usual covenants. That such has been the universal understanding of the people of the state is demonstrated by the fact that, although Minnesota has had an organized government for 64 years, this is the first time the question has reached this court. This fact in itself is a convincing argument against the existence of any such liability.

Thirty years ago, in Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877, 44 Am. Rep. 191, this court, in holding that damages could not be recovered from a town for failing to keep a rural highway in repair, said: "That this conclusion is also in accordance with the general understanding prevailing in the profession and in the community ever since the organization of the territory, (over 30 years,) is pretty clear, when it is considered that there is no instance, so far as we discover from the briefs of counsel or otherwise, of an attempt to support such an action as this in this court. This is a consideration of weight when the frequency of the occasions for such actions, if they were maintainable, is borne in mind. As remarked by Ashurst, J., in Russell v. Men of Devon, 2 Term Rep. 667: 'It is a strong presumption that that which never has been done cannot by law be done at all.' " The weight of this presumption increases with the lapse of time.

We are unable to accept the rule adopted in some of the cases that a road is not an encumbrance, if the vendee be chargeable with knowledge of its existence, and is an encumbrance, if he be not chargeable with such knowledge.

There is no logical reason for holding that the knowledge or lack of knowledge of the vendee should be the criterion by which to determine whether an easement is or is not an encumbrance. Such a rule is also open to the serious objection that it substitutes the uncertainties of oral testimony for the certainty which should inhere in written contracts.

Among the cases holding that the knowledge of the vendee is not an element in determining whether an easement is an encumbrance are the following: Hubbard v. Norton, 10 Conn. 422; Huyck v. Andrews, 113 N. Y. 81, 20 N. E. 581, 3 L.R.A. 789, 10 Am. St.

432; Stuhr v. Butterfield, 151 Iowa, 736, 130 N. W. 897, 36 L.R.A. (N.S.) 321; Medler v. Hiatt, 8 Ind. 171; Beach v. Miller, 51 Ill. 206, 2 Am. Rep. 290; Burr v. Lamaster, 30 Neb. 688, 46 N. W. 1015, 9 L.R.A. 637, 27 Am. St. 428; Burk v. Hill, 48 Ind. 52, 17 Am. Rep. 731; Kellogg v. Malin, 50 Mo. 496, 11 Am. Rep. 426; Butler v. Gale, 27 Vt. 739; Van Wagner v. Van Nostrand, 19 Iowa, 422; Barlow v. McKinley, 24 Iowa, 69, and see 4 L.R.A.(N.S.) 310, note.

The Iowa court, in Harrison v. Des Moines, supra, say: "In view of the rule adopted in this state—that knowledge of the easement will not exclude it from the operations of the warranty—if we are to make a public highway an exception to the rule, it must be on other grounds, or at least the conclusion should be aided by other reasons." The court concludes, in effect, that each highway is a part of the general system of highways, and that, even if a particular highway, or portion thereof, be a detriment to the land, the system of highways, taken as a whole, after making due allowance for any such detriment, is not an injury but a benefit to the land, and does not diminish but increases its value. For this reason it holds that a public highway is not an encumbrance.

In Bruns v. Schreiber, 43 Minn. 468, 45 N. W. 861, and 48 Minn. 366, 51 N. W. 120, it was held that the existence of a railway right of way was a breach of the covenants, and that the effect of the covenants could not be varied by showing a parol understanding or agreement in respect to such right of way. The vendee knew of the existence of the right of way and would have had no cause of action had such knowledge relieved the vendor from liability. While the question was not discussed, the case necessarily held that such knowledge was not an element in determining the question of liability.

Whether a road is an encumbrance ought not to depend upon uncertain oral testimony as to whether it was traveled much, little or not at all, at the time of the conveyance, which may have been years before the bringing of suit. The rule should be certain and uniform. It should apply alike to all rural highways, and not invite litigation to determine whether a given case is within or without the rule.

There is an obvious distinction between rural highways and city

streets. Cities are platted into lots, blocks and streets. The streets are marked out upon the plat as entirely separate and distinct from the lots and blocks. It is rarely necessary to open streets other than those so marked out. To lay out a street over a lot would often result in appropriating the entire lot. It is also as much a matter of common knowledge that the purchaser of a city lot never contemplates that it will be burdened by an easement for a street, as it is a matter of common knowledge that the purchaser of a farm expects to take it subject to the easement for the existing country roads. The case of Smith v. Mellen, 116 Minn. 198, 133 N. W. 566, involved the taking of a substantial part of a city lot for use as a street in addition to the street shown upon the plat and is not in point in the instant case.

It does not follow from this decision that the existence of an unknown easement may not be ground for rescinding the contract. An action to rescind is of a different character from the action at bar and is governed by different principles.

Order affirmed.